UNITED STATES of America

v.

Dennis S. DAVIS.

No. CRIM. 91–677 SSH.

United States District Court,
District of Columbia.

Feb. 28, 2000.

AUSA Robert D. Okun, Chief, Special
Proceedings Section, Office of the U.S.
Attorney for the District of Columbia,
Washington, DC, for Plaintiffs.

Dennis S. Davis, Lewisburg, PA, pro se.

*MEMORANDUM ORDER*

STANLEY S. HARRIS, District Judge.

On November 9, 1995, petitioner was convicted of crimes involving the unlawful possession and distribution of crack cocaine, conspiracy, and the unlawful use of a communications facility.[1] Before the Court are petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and supplemental submissions thereto.[2]

 In support of his motion, petitioner alleges: (1) that his trial counsel rendered constitutionally ineffective assistance in several ways; (2) that the Court did not conduct an adequate and fair hearing on petitioner's motion for appointment of new counsel; and (3) the government's use of expert witness Detective Johnny St.

1.  The Court of Appeals affirmed petitioner's convictions in *United States v. Holton*, 116 F.3d 1536 (D.C.Cir.1997), although somehow petitioner's name was not included in the caption of the opinion.

2.  Although the Court previously allowed co-defendant Bobby Holton to join petitioner Davis's § 2255 motion and to supplement the motion, the Court has determined that almost none of Davis's claims apply readily to Holton.  Furthermore, Holton's supplemental claims are numerous and significantly different from petitioner's claims.  The Court therefore will address the limited claims that Holton conceivably could share with Davis's § 2255 claims, as well as Holton's supplemental claims filed on and after January 28, 1999, in a separate Memorandum Order.  Because the Court allowed Holton to join Davis's § 2255 motion, the Court will continue to treat Holton's § 2255 motion as originally filed on the same date that Davis's § 2255 motion was filed, such that no statute of limitations problems are presented.

3.  Petitioner also stated an additional claim, that the "trial court's denial of the use of expert testimony restricted petitioner's right to call witnesses under the compulsory process therefore rendering counsel's representation ineffective and denying petitioner the right to put forth his best defense." *See* Mem. In Support of Mot. Pursuant to 28 U.S.C. § 2255 at 1. However, petitioner provides no further information beyond this statement

Valentine Brown ("Detective Brown") despite what was later learned to be his falsified credentials rendered the trial fundamentally unfair.[3] Upon consideration of the entire record, the Court rejects all of these arguments and denies petitioner's § 2255 motion.[4] Because the motion and the files and records of the case conclusively show that petitioner is entitled to no relief, the Court finds that a hearing is not necessary.

**1. Ineffective Assistance of Counsel**

Petitioner claims that he is entitled to relief because of ineffective assistance of counsel during his second trial (on remand after conviction in his first trial) due to numerous errors by his counsel Ed Wilhite.  Specifically, he asserts that Mr. Wilhite: (a) did not require the government to offer evidence that the cocaine base in question was "crack cocaine," (b) failed to

and does not identify what expert testimony was denied.  The Court therefore has no meaningful basis upon which to assess his claim.

4.  To obtain relief based on a trial error that is raised for the first time on collateral attack, the defendant must show "cause" for his failure to raise the issue at trial and on direct appeal, and he must show "actual prejudice" resulting from the errors of which he complains.  *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584, 1594–95, 71 L.Ed.2d 816 (1982).  A collateral attack under § 2255 is not a second chance at appeal, nor is it a substitute for direct appeal; a defendant is required to show "a good deal more than would be sufficient on direct appeal" to gain collateral relief.  *United States v. Pollard*, 959 F.2d 1011, 1020 (D.C.Cir.), *cert. denied*, 506 U.S. 915, 113 S.Ct. 322, 121 L.Ed.2d 242 (1992).  However, a petitioner need not show "cause and prejudice" for not having raised claims of ineffective assistance of counsel on direct appeal, as these claims may properly be raised for the first time in a § 2255 motion.  *United States v. Johnson*, 1999 WL 414237 at *1 (D.C.Cir., May 28, 1999) (unpublished opinion).  Because most of the claims are either ineffective assistance of counsel claims or sufficiently related, the Court will consider the merits of petitioner's § 2255 motion, rather than decide whether petitioner has procedurally defaulted on bringing these claims.

object to the government's identification of the cocaine base as "crack cocaine" and therefore did not preserve the objection for direct appeal, (c) failed to investigate expert witness credentials, particularly with regard to Detective Brown, and (d) failed to have an expert examine certain body-wire tapes for tampering.

To prevail on an ineffective assistance of counsel claim,, a defendant must show two things. First, the defendant must show that counsel's performance was deficient, falling below an objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prove deficient performance, a defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687, 104 S.Ct. 2052. In evaluating counsel's performance, "the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690, 104 S.Ct. 2052. Second, he must show that the deficient performance prejudiced the defendant. To prove prejudice, a defendant must show that "counsel's errors were so serious to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*

Petitioner's allegations regarding Mr. Wilhite's conduct are not sufficient to prove that his performance fell below an objective standard of reasonableness. The Court's quite clear independent recollection of the trial also leads it to conclude that Mr. Wilhite's representation of defendant was of a high professional quality.[5] Nevertheless, the Court briefly addresses each of petitioner's allegations of ineffective assistance of counsel.

### a. Requiring proof of crack cocaine and objecting to identification of crack cocaine

▮ Petitioner claims that the government failed to prove, by a preponderance of the evidence, that the cocaine base in question was in fact "crack," and that Mr. Wilhite was ineffective in not requiring the government to meet its burden. As support, petitioner submits several Reports of Drug Property Collected, Purchased Or Seized ("DEA–7 Form"), which he claims indicate only that the substance was "cocaine base" but not necessarily the specific form of cocaine base that is "crack." However, these DEA–7 Forms themselves clearly undercut his own argument, as the forms describe the drugs at issue as "rock-like substances" which were analyzed to contain cocaine base, descriptions that fit "crack." *See United States v. Prailow*, 1998 WL 939502 at *1 (D.C.Cir.1998) (unpublished decision); *United States v. Washington*, 115 F.3d 1008, 1011 (D.C.Cir. 1997) ("the government tells us without contradiction from defendant that it knows 'of no rock-like form of cocaine base that is not crack' "). The Court therefore finds petitioner's argument meritless and that his counsel was not deficient.

### b. Investigating credentials of Detective Brown

▮ Petitioner also claims that Mr. Wilhite was ineffective for failing to discover that Detective Brown had falsified his educational credentials in testifying as an expert witness. Even assuming that Mr. Wilhite was deficient in failing to investigate Detective Brown's credentials, this failure did not prejudice defendant, as explained below in Section 3 of this Memorandum Order. Because defendant was not prejudiced, this ineffective assistance of counsel claim fails.

### c. Requiring expert examination of tapes for tampering

▮ The government's evidence against petitioner included body-wire tape recordings between an undercover police infor-

---

5. That defendant was a difficult client for Mr.     Wilhite also is clear in the Court's memory.

mant and petitioner. Petitioner asserts that he asked Mr. Wilhite to have these tapes examined by an expert to determine whether they had been altered. *See* Aff. In Support of § 2255 Motion at ¶ 5. He asserts that Mr. Wilhite himself stated that he felt one of the tapes had been altered. *See* Tr. for Oct. 18, 1995, at 107–112. Yet because counsel did not move the court to have an expert test the tapes, allegedly he did not act with customary skill and knowledge.

The Court disagrees and finds that Mr. Wilhite was not ineffective in not moving the court for an expert examination. The transcript for October 18, 1995, shows an extensive dialogue between counsel for petitioner, counsel for a co-defendant, and the Government regarding Mr. Wilhite's allegation that a portion of the tape had been excised. *See id.* However, the Government explained at length that the tape had not been tampered with, but that part of the transmission had been disrupted because someone had stepped on and off the transmitter, and that another transmission (the "Nagra") indicated that the transmitter was being stepped on and off because petitioner was becoming jittery. *See id.* ("had we listened to the rest of Mr. Wilhite's tape, one would have heard the step on, step off, step on, step off. . . ."). Given this credible explanation for the interruption in the tape, the Court saw nothing then (the Court noted that "there's no basis for saying it was excised," Tr. for Oct. 18, 1995, at 109) nor anything now that would indicate that Mr. Wilhite was deficient in not moving for an expert examination of the tape. Again, the Court finds petitioner's allegation of ineffective assistance meritless.

### 2. Motion for new counsel

■ Petitioner alleges that the Court did not conduct an adequate and fair hearing on petitioner's motion for appointment of specific new counsel during his second trial, causing him to proceed with incompetent counsel. It is clear, however, that the Court considered petitioner's request with abundant care. The Court set forth its reasons in an Order dated September 26, 1995, explaining that "defendant currently is represented by experienced, competent appointed counsel," that neither defendant nor counsel indicated that present counsel could not continue to provide highly effective representation, that the requested new counsel was not on the list of attorneys approved by the Court for appointment under the Criminal Justice Act, and that defendant's request was received just eleven days prior to the beginning of a three-week, complex trial. The Court allowed discussion of petitioner's request in open court on September 28, 1995, hearing the positions of petitioner, his counsel, co-defendants' counsel, and the Government (who objected to the eleventh-hour request). Petitioner's claim is meritless.

### 3. Government's use of Detective Brown

■ In July 1999, it came to light that Detective Brown had falsely exaggerated his educational credentials in cases in which he testified, and in February 2000, he pled guilty to such perjury. *See* Bill Miller, "D.C. Police Expert Admits Perjury," *Washington Post*, Feb. 11, 2000, at B3. Petitioner alleges that Detective Brown's testimony was "extraordinarily material" in his case, and that the use of his falsified testimony so distorted the adversarial process as to render the trial fundamentally unfair. While there may be cases in which Detective Brown's false testimony could warrant some corrective action, the Court cannot find that the jury in this case would have reached a different conclusion even if Detective Brown had not falsely testified to his academic and professional accreditation. First, Detective Brown was an expert, not a fact, witness, and petitioner does not point to how Detective Brown's testimony was "extraordinarily material." Second, the strong direct evidence that defendant committed the charged offenses was sufficient readily

to convince not just one, but two successive juries of defendant's guilt. Furthermore, the fact that Detective Brown falsified his credentials does not detract from the knowledge of how drug dealers operate that he gained during his extensive law enforcement and street experience. *See also United States v. Williams*, 77 F.Supp.2d 109, 113–14 (D.D.C.1999).

Based on the foregoing, the Court finds that petitioner's § 2255 motion is meritless. Accordingly, it hereby is

ORDERED, that petitioner's § 2255 motion is denied.

SO ORDERED.