### UNITED STATES of America,

v.

### Richard Paul SPINNER, III, Defendant.

### No. CRIM. 96–0300 (PLF), CIV.A. 99–2812 (PLF).

United States District Court, District of Columbia.

July 14, 2000.

---

Mary Ann Snow, Assistant U.S. Attorney, Washington, DC, for Government.

A.J. Kramer, Federal Public Defender, Washington, DC, for Defendant.

## MEMORANDUM OPINION AND ORDER

PAUL L. FRIEDMAN, District Judge.

This matter is before the Court on the defendant's motion pursuant to 28 U.S.C. § 2255, to vacate, set aside and correct sentence. Defendant's primary argument is that the government's expert witness in this case, Detective Johnny St. Valentine Brown, was found guilty of perjury for misrepresenting his credentials as an expert while testifying under oath at a depo-

sition in a civil case on June 22, 1999, and that the failure of the government to disclose that fact or to have taken steps to learn of Detective Brown's similar misrepresentations in the past is a violation of either *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), or *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). Upon careful consideration of the motion, the government's opposition and the defendant's reply, the Court finds no merit to the defendant's argument and denies the motion.

On September 5, 1996, the defendant was indicted for (1) possession of a firearm by a convicted felon, and (2) possession of ammunition by a convicted felon, both in violation of 18 U.S.C. § 922(g)(1) (Counts One and Two); (3) possession of a semiautomatic assault weapon, in violation of 18 U.S.C. § 922(v)(1) (Count Three); (4) possession with intent to distribute cocaine within 1,000 feet of a school, in violation of 21 U.S.C. § 860(a) (Count Four); and (5) possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count Five). Following a jury trial, the jury returned guilty verdicts on all five counts on February 23, 1997. On April 25, 1997, the Court sentenced the defendant to 92 months imprisonment on Counts One, Two and Four, to be served concurrently to each other, and to 60 months imprisonment on Count Three, to run concurrently with all other counts. The Court dismissed Count Five because it was a lesser-included offense of Count Four.

The defendant appealed and, on July 28, 1998, the United States Court of Appeals for the District of Columbia Circuit reversed the defendant's conviction for possession of a semi-automatic assault weapon (Count Three) and reversed and remanded his conviction for possession with intent to distribute crack cocaine within 1,000 feet of a school (Count Four) because the prosecutor had been permitted to ask a defense witness a series of inappropriate questions on cross-examination. *See Unit-*

ed States v. Spinner, 152 F.3d 950 (D.C.Cir.1998). The remaining convictions for possession of a firearm by a convicted felon (Count One) and possession of ammunition by a convicted felon (Count Two) were affirmed. Id. at 962.

On October 22, 1998, the Court resentenced the defendant to 84 months imprisonment on Count One and 84 months on Count Two, the sentences to run concurrently with each other, followed by three years supervised release. On the oral motion of the government, Counts Three and Four were dismissed. Thus, the only counts of which the defendant remains convicted are possession of a firearm by a convicted felon and possession of ammunition by a convicted felon.

The facts developed at trial are quite fully set out in the Court of Appeals' opinion in this case and in defendant's motion and the government's opposition. Suffice it to say that there was substantial evidence of the defendant's guilt of the firearms and ammunition charges from numerous fact witnesses. Detective Brown was not a fact witness and testified solely as an expert with respect to the use, distribution, packaging, pricing and sale of narcotics. To qualify Detective Brown as an expert, the government asked him about his experience as a narcotics officer and his prior testimony as an expert witness on hundreds of occasions. He was not asked and did not testify about his supposed Howard University degree in pharmacy or his supposed license as a pharmacist. He testified only about his "practical street experience." Detective Brown specifically testified that he was not involved in the execution of the search warrant in this case and had no first-hand knowledge of the facts. While he did testify briefly about the relationship between drugs and guns, he was not offered as an expert on guns or ammunition but solely with respect to the use, distribution, packaging, pricing and sale of narcotics.

■ The defendant is not entitled to relief under Brady v. Maryland because the government did not suppress or withhold information about Detective Brown's perjury in the civil case. It is undisputed that Detective Brown did not commit perjury in that civil case until more than two years after the defendant's trial in this case. Nor, the government represents without contradiction, did the government possess information about Detective Brown's possible perjury concerning his academic credentials or pharmacy license in other cases. Because such information was not in the government's possession at the time of trial, the government could not have disclosed it. Accordingly, there was no Brady violation. Compare United States v. Cuffie, 80 F.3d 514, 517 (D.C.Cir. 1996) (government knew of prior perjury and did not disclose).

■ Even if one accepts the notion that the government "should have known" about the perjured testimony that presumably took place in other cases, or should have taken steps to learn about it, the Court would not grant the defendant's motion because the Court cannot conclude that the jury's verdict would have been any different even had the jury known about Detective Brown's perjury in other cases. First, as noted, Detective Brown was not a fact witness but an expert on narcotics who testified about the use, distribution, packaging, pricing and sale of narcotics, not about guns. Furthermore, the issue in this case was whether the defendant had sufficient connection to the house and to the rooms in which the guns, the ammunition and the drugs were found; it was a case about possession and not about the intent with which the defendant possessed the drugs. Detective Brown's testimony therefore was not critical to the jury's finding of guilt. In any case, the narcotics conviction was reversed on appeal and therefore, assuming the jury followed the Court's instruction to consider each count of the indictment separately, Detective Brown's testimony should have had no bearing on the jury's consideration of Counts One and Two at all.

Second, Detective Brown did not perjure himself in this case. He was never asked about nor did he testify about his academic credentials and thus, unlike the situation presented in the civil case, he never had the opportunity to say (falsely) that he had received a degree in pharmacy at Howard University or that he was a licensed pharmacist. There was no false testimony before this jury. Finally, Detective Brown's role was not material in view of the numerous fact witnesses who testified about the execution of the search warrants, the location of the items seized and the fingerprint evidence linking the defendant to the contraband—matters about which he acknowledged he had no knowledge. *Compare United States v. Cuffie*, 80 F.3d at 517–18. In sum, the defendant has not established that Detective Brown testified falsely in this case or that his testimony was material to defendant's conviction.

As for defendant's argument under *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), that the government somehow should have known that Detective Brown perjured himself on prior occasions and should suffer the consequences for not knowing, the law does not support the grant of relief on this basis. "[A] conviction obtained by the knowing use of perjured testimony is fundamentally unfair, and must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." *United States v. Agurs*, 427 U.S. at 103, 96 S.Ct. 2392; *see also Napue v. Illinois*, 360 U.S. 264, 269–72, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); *United States v. Burch*, 156 F.3d 1315, 1328–29 (D.C.Cir.1998), *cert. denied*, 526 U.S. 1011, 119 S.Ct. 1155, 143 L.Ed.2d 220 (1999). In this case, however, no false testimony was presented at all, let alone knowingly. Detective Brown did not testify under oath about his academic credentials or his supposed status as a licensed pharmacist, and the defendant has not established that any of Detective Brown's trial testimony in this case was false. Since Detective Brown did not testify

about his credentials—the subject matter about which he lied during his civil deposition two years after the trial in this case— and because the jury did not hear any false testimony from Detective Brown, the defendant's *Agurs* argument fails.

Both Judge Hogan and Judge Harris have considered post-trial motions in cases where it was established that Detective Brown in fact testified falsely about his academic credentials and where defendants were convicted of narcotics offenses, Judge Hogan on a motion for new trial and Judge Harris on a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. In view of the strength of the evidence before each of them, however, and the lack of materiality of Detective Brown's testimony to the convictions, both judges denied the motions before them. As Judge Harris said:

> Detective Brown was an expert, not a fact, witness, and petitioner does not point to how Detective Brown's testimony was "extraordinarily material." Second, the strong direct evidence that defendant committed the charged offenses was sufficient readily to convince not just one, but two successive juries of defendant's guilt. Furthermore, the fact that Detective Brown falsified his credentials does not detract from the knowledge of how drug dealers operate that he gained during his extensive law enforcement and street experience.

*United States v. Davis*, Memorandum Opinion at 6 (D.D.C. Feb. 28, 2000). Judge Hogan concluded that even if the jury had never heard about Detective Brown's Board certification as a pharmacist, "it is likely that they would still have credited his testimony since it was supported by twenty-five years of practical experience as an MPD detective." *United States v. Williams*, 77 F.Supp.2d 109, 113–14 (D.D.C.1999). In light of the "independent evidence establishing the defendant's guilt," Judge Hogan concluded that he could not find that the jury might have

reached a different verdict even if it had discounted Detective Brown's testimony. *Id.* The same is true here. *But see United States v. Jones,* 84 F.Supp.2d 124 (D.D.C. 1999) (Sporkin, J.).

For these reasons, the defendant's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside and correct sentence will be and hereby is DENIED.

SO ORDERED.