UNITED STATES

v.

David W. PRICE

No. CR. 96–32(RJL).

United States District Court, District of Columbia.

June 15, 2004.

David W. Price, R01356–087 Big Spring Federal Prison Camp, Big Spring, TX, pro se.

John Anthony Briley, Jr., Washington, DC, for Defendant.

Mary Ann Snow, Shane Read, Steven Donald Mellin, U.S. Attorney's Office, Washington, DC, for Plaintiff.

## MEMORANDUM OPINION AND ORDER

LEON, District Judge.

Before the Court is the defendant's motion for a new trial pursuant to 28 U.S.C. § 2255, and his two motions to amend his pleadings under the "relation back" provisions of Fed.R.Civ.P. 15. The defendant, David W. Price, pro se, seeks a new trial on the grounds that his counsel failed to properly investigate the credentials of a government expert witness who testified at his trial and falsely represented that he was a "board certified pharmacist." The government opposes the defendant's § 2255 motion on the grounds that the defendant can neither show that his counsel was ineffective under the standards set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), nor can he show that the government should have known of the witness' perjury under *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). The government also opposes the defendant's motions to amend his pleadings because the new claims he presents, regarding the circumstances of his indictment, his counsel's examination of another witness, and his sentencing, do not arise from the same set of facts as the earlier pleading.

The Court finds that the new claims presented by the defendant do not arise from the same set of facts as his initial § 2255 claim. The Court will, however, consider the defendant's supplemental pleadings to the extent that they address the defendant's initial ineffective assistance claim and the related claim that the government should have known of the expert witness' perjury. Based on the defendant's initial motion and the supplemental pleadings addressing the defendant's claim of ineffective assistance of counsel, the Court concludes that the defendant has failed to put forth a viable claim under *Strickland*. The Court also finds that the defendant fails to put forth any evidence that the government should have known of Detective Brown's perjury. Accordingly, the Court **DENIES**, in part, the defendant's motions to amend, and **DENIES** entirely the defendant's § 2255 motion.

### Factual Background

On February 15, 1996, the defendant was indicted on one count of conspiracy to possess with an intent to distribute cocaine base, in violation of 21 U.S.C. § 846, and one count of unlawful possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii). The defendant's first trial, which began on November 12, 1996, ended in a mistrial on November 13, 1996. The defendant's second trial began on February 13, 1997. During that trial, the government offered the expert testimony of Detective Johnny St. Valentine Brown ("Detective Brown") regarding the packaging of drugs, their retail and wholesale value in the District of Columbia, the chain of custody procedures of the Metropolitan Police Department ("MPD"), and his expertise regarding the packaging and distribution of narcotics. At the time of trial, Detective Brown had served as an undercover MPD narcotics agent and supervisor of other undercover agents for more than twenty years. In addition to his experience with MPD, Detective Brown indicated during trial that he was a "board certified pharmacist," qualified to receive and dispense narcotics per prescription.

On February 20, 1997, the jury found the defendant guilty as charged. On September 25, 1997, District Judge Norma Holloway Johnson, the judge initially assigned to this case, sentenced the defendant to 240 months' incarceration on each count, with each sentence to run concur-

rently. On September 29, 1997, the defendant filed a notice of appeal. On July 8, 1998, the D.C. Circuit affirmed the defendant's conviction.

On September 22, 1999, the defendant filed a motion for a new trial pursuant to Fed.R.Crim.P. 33 based on newly discovered evidence that Detective Brown had falsely represented academic credentials and formal qualifications during his testimony.[1] The same day, the defendant filed a motion for equitable tolling, which included a claim of ineffective assistance of counsel under § 2255. At the time of the defendant's filing, the one-year limitations period for filing a § 2255 motion had not yet begun because the defendant's petition for certiorari to the U.S. Supreme Court was still pending. On November 9, 1999, defendant's petition for certiorari was denied.

On September 14, 2000, Judge Johnson denied the defendant's Rule 33 motion, finding that even without Detective Brown's testimony, "the evidence of defendant's participation in a conspiracy to distribute narcotics and his intent to distribute was compelling." Mem. Op. 4. On October 22, 2000, the defendant filed a motion to reconsider the September 14, 2000 order denying his motion for a new trial. On January 4, 2001, Judge Johnson denied the motion to reconsider. On April 22, 2002, the defendant filed a request to supplement his still pending § 2255 motion. On February 7, 2003, the defendant filed another pleading, again seeking to amend his initial § 2255 motion.

The government does not contest that the defendant's initial § 2255 motion was timely filed and still pending. As such, this Court must rule on the original § 2255 motion and the subsequent motions to amend.

### Discussion

Section 2255 of Title 28 of the United States Code provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States...may move the court which imposed the sentence to vacate, set aside or correct the sentence." In his initial § 2255 motion, filed on September 22, 1999, the defendant alleges that "his counsel failed to do the proper investigation into the credentials of the expert witness thereby denying defendant of adequate counsel as mandated by the Sixth Amendment." Def. Mot. for Equit. Toll. 2.

### I. Motions to Amend the § 2255 Motion

█ Before the Court can evaluate the merits of the defendant's § 2255 claims, it must first determine whether the defendant may properly amend his initial pleading under Fed.R.Civ.P. 15. The D.C. Circuit has held that Fed. R.Civ. P. 15 governs the ability of a criminal defendant to amend a timely-filed § 2255 pleading. *United States v. Hicks*, 283 F.3d 380, 386–87 (D.C.Cir.2002). As the defendant's motions to amend were both filed outside of the one-year statutory period for § 2255 claims, which began to run when certiorari was denied, the new claims presented in these motions are time-barred unless they are subsumed under the "relation back" provision of Rule 15(c).

---

**1.** In July of 1999, it had been reported in the *Washington Post* that Detective Brown had lied in a civil case about his credentials in June 1999. Detective Brown was subsequently charged and plead guilty to eight counts of perjury. As a part of his plea agreement, he admitted that he was not a board certified pharmacist.

■ Rule 15(c) provides that an amendment to a pleading relates back to the date of the original pleading if the claims in the amended pleading "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c)(2). In *Hicks*, the D.C. Circuit held that although Rule 15(c) could be read to mean that the relevant "occurrence" was the defendant's trial and sentencing, the result of that interpretation would be that "virtually any purported amendment will relate back." 283 F.3d at 388. Accordingly, "while an amendment offered for the purpose of adding to or amplifying the facts already alleged in support of a particular claim may relate back...one that attempts to introduce a new legal theory based on facts different from those underlying the timely claims may not..." *Id.* at 388–89.

In his two motions to amend, the defendant presents additional claims for a new trial, alleging that (1) his indictment did not include the quantity of narcotics he was charged with conspiracy to distribute, an essential element of the offense under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); (2) his counsel failed to challenge the police search of his vehicle prior to his arrest, failed to challenge the testimony of Jacqueline Williams, a cooperating government witness during the trial, and also failed to hold the government to its burden of notifying the defendant of its intent to seek enhanced penalties; and (3) the government should have known about Detective Brown's perjury. The defendant's motions to amend his initial § 2255 motion also more fully elaborate on his allegation that his counsel's failure to investigate Detective Brown's credentials constituted ineffective assistance of counsel in violation of the Sixth Amendment.

The Court finds that under Rule 15(c), the defendant's new claims regarding *Ap-*

*prendi*, and his counsel's failure to challenge the vehicle search, the testimony of Jacqueline Williams, and the government's conduct in requesting sentencing enhancements, do not "relate back" to his initial § 2255 claim because they are based on entirely different facts. Indeed, because the § 2255 motion filed by the defendant on September 22, 1999 so specifically focused on and challenged his counsel's failure to investigate Detective Brown's credentials, the Court will permit the defendant to supplement his pleadings only to the extent that the motions to amend elaborate on that claim or allege that the government should have known of Detective Brown's false testimony. *See, e.g.,* February 7, 2003 Mot. for Leave to Amend. 6–7. Accordingly, as to the remaining new issues raised, the Court denies the defendant's motions to amend his earlier pleading.

## II. Ineffective Assistance of Counsel Claim: Failure to Investigate Detective Brown's Credentials

■ The thrust of the defendant's § 2255 motion is that his defense counsel was provided with Detective Brown's curriculum vitae and his failure to conduct an investigation of Brown's claimed credentials constitutes ineffective assistance of counsel in violation of the Sixth Amendment. In *Strickland v. Washington*, the Supreme Court held that the essential requirements of an ineffective assistance of counsel claim are: (1) the defendant must establish that counsel's performance was deficient in that it fell "below an objective standard of reasonableness," 466 U.S. 668, 688, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and (2) the defendant must show that the acts or omissions on the part of his counsel actually had an adverse effect on the defense. *Id.* at 687, 693, 104 S.Ct. 2052. The D.C. Circuit has held that to show prejudice based on defense counsel's

failure to investigate, the defendant must make "a comprehensive showing as to what the investigation would have produced." *United States v. Askew,* 88 F.3d 1065, 1073 (D.C.Cir.1996). In other words, the defendant must show what information would have been obtained from the investigation and also show that such information, assuming it would have been admissible in court, would have produced a different result at trial. *Id.; see also United States v. Debango,* 780 F.2d 81, 85 (D.C.Cir.1986).

In this case, the defendant is essentially arguing that had his defense counsel investigated the background of Detective Brown or conducted a sufficient voir dire regarding his qualifications, it would have revealed that Brown was not a board certified pharmacist. This is hardly a new contention in this jurisdiction. Indeed, Detective Brown's aggrandizement of this academic credentials has been the subject of numerous unsuccessful suits by other defendants seeking new trials on the basis of the failure of their counsel to adequately investigate his academic credentials.[2] Having reviewed the relevant precedent, this Court joins District Judges Hogan and Harris, who in *United States v. Williams,* 77 F.Supp.2d 109 (D.D.C.1999), and *United States v. Davis,* 113 F.Supp.2d 1 (D.D.C.2000), reject similar claims of ineffective assistance of counsel based on the

failure to investigate Detective Brown's credentials, because even if the defendant could demonstrate that investigation or voir dire would have revealed that Brown lied about his background, the defendant cannot show the failure to do so by his counsel resulted in any prejudice to him during his trial. First, the record shows that Detective Brown's expert testimony was based on his more than twenty years of experience with MPD, not on his supposed background as a pharmacist. For instance, he testified that cocaine base is taken from its wholesale, rock-life form and broken down into retail form, which is usually 80–150 milligram $20 rocks. He calculated the retail value of the cocaine found in this case as $16,540. Based on his experience, he testified that an individual would be in possession of $16,000 of cocaine for the purpose of distribution, not just for personal use. Detective Brown's testimony in this case focused not on his expertise as a pharmacist, rather on his expertise as a police officer with years of experience with the street narcotics trade.

Second, even if Detective Brown's testimony could have been discredited by the fact that he had claimed false credentials in this case or other proceedings, the Court finds that the other evidence introduced against the defendant was compelling. For instance, Jacqueline Williams, with whom the defendant had an ongoing

---

**2.** *See, e.g., United States v. Williams,* 77 F.Supp.2d 109 (D.D.C.1999) (denying Rule 33 motion for new trial because Detective Brown's expertise was based largely on his practical "street" experience rather than formal training, and even if the jury had discounted his testimony, other evidence of the defendant's intent to distribute cocaine was compelling); *United States v. Spinner, III,* 109 F.Supp.2d 18, 21 (D.D.C.2000) (denying § 2255 ineffective assistance of counsel claim because even if the jury would have had to discount Detective Brown's testimony due to the false claim of credentials, it was likely the jury would have credited his testimony be-

cause of his twenty-five years of experience with MPD); *United States v. Davis,* 113 F.Supp.2d 1 (D.D.C.2000) (denying § 2255 assistance of counsel claim because the defendant could not show prejudice where Detective Brown's testimony was not extraordinarily material to the case and there was strong direct evidence of the defendant's guilt); *United States v. Shark,* 158 F.Supp.2d 43 (D.D.C.2001) (denying § 2255 ineffective assistance of counsel claim where Detective Brown's testimony was limited to his law enforcement credentials and not his academic background).

relationship, testified that at the time of the defendant's arrest, he had told her he was planning on selling narcotics in West Virginia. She also testified that prior to their arrest, she and the defendant agreed that if they were ever stopped by the police, she would hide drugs for him, which she later did, in her underwear, when they were stopped by the police in this case. Moreover, Williams testified that the defendant offered her five hundred dollars not to testify against him. Williams' testimony was corroborated by the testimony of Sergeant David Sledge, one of the arresting officers, who observed the defendant bend over towards Williams after the vehicle was stopped. In addition to these witnesses, the government presented uncontroverted physical chemical analysis of the drugs secreted in Williams' crotch area by the Drug Enforcement Administration ("DEA") laboratory.

In short, in light of the compelling evidence put forth by the government at trial, and the fact that the gravamen of Detective Brown's testimony was based on his unchallengeable street experience, not his expertise as a pharmacist, the Court finds that defense counsel's failure to investigate Detective Brown's academic credentials did not prejudice outcome of the trial and thus did not constitute ineffective assistance of counsel.

III. *United States v. Agurs Claim: Government Should Have Known of Detective Brown's Perjury*

██ Although he does not reference it in his initial § 2255 pleading, the defendant appears to argue in his supplemental pleading that he additionally is entitled to a new trial on the grounds that the government should have known about Detective Brown's perjury. In *Napue v. Illinois*, the Supreme Court held that a new trial is required where the prosecution knew that the testimony of its witness was false, if the testimony had an effect on the outcome of the trial. 360 U.S. 264, 271–72, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959). The Supreme Court subsequently held in *United States v. Agurs* that "a conviction obtained by the knowing use of perjured testimony is fundamentally unfair, and must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." 427 U.S. 97, 103, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). Thus, a defendant seeking a new trial must show that false testimony was presented at trial, and that the government knew, or should have known, that the testimony was false.

The defendant asserts in his February 7, 2003 motion to amend that "[t]he government cannot deny here that they were aware that Detective Brown had lied on his employment application in 1995..." Mot. to for Leave to Amend 10. To support this claim, the defendant merely cites a *Washington City Paper* article that discusses Brown's false statement regarding being rehired by the police department after retiring in 1995, when he was actually rehired in November 1996. *Id.* at Ex. D. However, neither this article nor any other evidence put forth by the defendant indicates that the government knew, or had any reason to know, that Detective Brown was engaging in perjury in the defendant's case or other criminal cases prior to June 1999. Moreover, even if the defendant could establish that the government knew or should have known that Detective Brown would give perjured testimony during the defendant's trial, as previously discussed in the context of the defendant's ineffective assistance claim, the Court cannot find that the false testimony as to his pharmacist credentials would have affected the judgment of the jury, in light of the other evidence introduced in the case against the defendant. Accordingly, the Court finds that the defendant cannot meet the standard set forth

in *Napue* and *Agurs* for a new trial based on the government's knowledge of false testimony.

## ORDER

For the reasons set forth above, it is this 15th day of June, 2004, hereby

**ORDERED** that the defendant's motions to amend [# 103, 104] are **DENIED** in part, and **GRANTED** in part; and it is further

**ORDERED** that the defendant's § 2255 motion for a new trial [# 91] is **DENIED**; and it is further

**ORDERED** that the above-captioned action shall be dismissed.

**SO ORDERED.**