**Alonzo T. STANLEY, Petitioner,**

v.

**UNITED STATES of America, Respondent,**

No. 01–CV–1081.

United States District Court, N.D. New York.

Jan. 18, 2002.

Marjorie M. Smith, Esq., Tappan, NY, for Petitioner.

Joseph A. Pavone, United States Attorney for the Northern District of New York (Brenda K. Sannes, Asst. U.S. Atty., of Counsel), Syracuse, NY, for Respondent.

## MEMORANDUM DECISION AND ORDER

MUNSON, Senior District Judge.

Petitioner moves pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence of imprisonment he received on October 28, 1997, in the United States District Court for the Northern District of New York.

### Background

On October 28, 1997, following a jury trial with several co-defendants, petitioner was convicted of conspiracy to possess with intent to distribute cocaine and/or cocaine base, in violation of 21 U.S.C. § 846 and § 841(a)(1). On October 28, 1997, petitioner was sentenced to a period of imprisonment of 151 months and five years of supervised release. Petitioner's conviction was affirmed on April 13, 2000, *United States v. Giles, et al.,* 2000 WL 424142 (2d Cir.2000) (Table).

Petitioner contends that his sentence should be vacated and he should be resentenced in light of the Supreme Court's decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the Court ruled that, as a matter of due process, any factor which increases a sentence beyond the statutory minimum is an element of the offense rather than a mere sentencing factor, the existence of which must be submitted to a jury and proved beyond a reasonable doubt. Petitioner claims that at least part of his 151 month sentence was due to factors that should have been proven as elements of the offense under the *Apprendi* standard. As a result he seeks reduction of his sentence and supervised release term under the new due process standard.

Respondent maintains that petitioner's contentions are without merit because his *Apprendi* or *Apprendi* type argument has been procedurally defaulted because it was not properly raised at trial or on direct appeal, and, even if it had been raised, the holding in *Apprendi* cannot be applied retroactively to petitioner's case on collateral review.

 A petitioner's failure to raise a claim of error at trial or on direct appeal constitutes a procedural default that bars collateral review absent a showing of both good cause to excuse the default and ensuing prejudice. *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *Douglas v. United States,* 13 F.3d 43, 46 (2d Cir.1993). The lack of precedent for a position is different from cause for failing to make a legal argument. Even if the law is against a contention, a party must make the argument to preserve it for later consideration *Bousley v. United States,* 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *Engle v. Isaac,* 456 U.S. 107 at 130 n. 35, 102 S.Ct. 1558, 71 L.Ed.2d 783. (1982). Cause means some impediment, and petitioner does not contend that any outside force impeded his legal defense in 1997. The lack of any reasonable basis for a claim may constitute cause, *Reed v. Ross,* 468 U.S. 1, 16, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984), but the foundation for *Apprendi* was laid as long ago as 1970 Other defendants have been advocating *Apprendi* type

arguments ever since the Sentencing Guidelines came into being, and in *McMillan v. Pennsylvania*, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), the Court addressed the merits of a comparable argument. In fact, the touchstone of the *Apprendi* reasoning appeared at least as early as 1970 in *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Moreover, before the *Apprendi* decision was announced, petitioner could have used the cases later cited in the Supreme Court's *Apprendi* opinion to formulate an *Apprendi* style argument for use in his direct appeal.

It is undisputed that petitioner did not raise the *Apprendi* argument he now advances at any time prior to the filing of this motion, and he does not claim that some outside force impeded his legal defense, therefore, he has not established cause, and because petitioner has failed to show any cause for excusing his procedural default, the court need not consider the issue of prejudice. *Smith v. Murray*, 477 U.S. at 527, 533, 106 S.Ct. 2661, at 2665, 91 L.Ed.2d 434 (1986).

■ In considering cause and prejudice, the court has assumed that *Apprendi* applies here in the first place. *Apprendi* put forth a new rule of constitutional law, and its application to the instant case would require using it as the foundation for a retroactive collateral review. Under *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), few constitutional arguments apply retroactively on collateral attack even if properly preserved. *Teague* established that a new rule cannot constitute the basis for retroactive collateral review unless it places an entire category of conduct beyond the reach of criminal law, forbids the use of a certain kind of punishment for a class of defendants, or it is essential for the fundamental fairness of the proceeding. *Bilzerian v. United*

*States*, 127 F.3d 237, 241 (2d Cir.1997)(citing *Sawyer v. Smith*, 497 U.S. 227, 241–42, 110 S.Ct. 2822, 111 L.Ed.2d 193), *cert. denied*, 527 U.S. 1021, 119 S.Ct. 2365, 144 L.Ed.2d 770 (1999). *Apprendi* surely did not decriminalize a category of conduct or prohibit imprisonment of drug conspirators. The shift of the determination of drug quantity or other facts permitting sentences above in otherwise applicable statutory limits from the judge to the jury was not necessary to the fundamental fairness of criminal proceedings, as verified in *Bilzerian* that the shift of the determination of materiality in false statement cases, see 18 U.S.C. § 1001, from the courts to the jury did not come within *Teague's* exceptions. 127 F.3d at 241. Hence, as many circuits have already held, *Apprendi* cannot buttress a retroactive collateral review. *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir.2001); *United States v. Moss*, 252 F.3d 993, 1001–02 (8th Cir. 2001), *cert. denied*, —— U.S. ——, 122 S.Ct. 848, —— L.Ed.2d —— (2002); *United States v. Sanders*, 247 F.3d 139, 151 (4th Cir.2001), *cert. denied*, —— U.S. ——, 122 S.Ct. 573, —— L.Ed.2d —— (2001); *Jones v. Smith*, 231 F.3d 1227, 1236 (9th Cir.2000); and the Second Circuit has stated, "[t]o date, the Supreme Court has not offered any guidance on whether *Apprendi* has retroactive application to cases on collateral review. And this court has not yet ventured where the Supreme Court has thus far feared to tread." *Santana–Madera v. United States*, 260 F.3d 133, 141 (2d Cir.2001), *cert. denied*, —— U.S. ——, 122 S.Ct. 817, —— L.Ed.2d —— (2002).

Accordingly, petitioner's motion to vacate, set aside or correct his sentence of imprisonment is **DENIED**.

**IT IS SO ORDERED.**