**UNITED STATES of America,**

v.

**Riley S. WALLS, Defendant.**

**No. CR.A. 92–234–LFO.**

**No. Civ.A. 00–2192–LFO.**

United States District Court, District of Columbia.

Aug. 12, 2002.

---

Patrick S. Kim, U.S. Attorney's Office, Chrisellen Rebecca Kolb, U.S. Attorney's Office, Appellate Division, Washington, DC, for U.S.

Richard Steven Stern, Washington, DC, for Defendant.

### MEMORANDUM

OBERDORFER, District Judge.

Pending is one claim remaining from Defendant Riley Walls's *pro se* 28 U.S.C. § 2255 motion, in which Walls challenges his life sentence for various drug offenses on the basis of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

### I.

A jury convicted Walls of one count of conspiracy to distribute fifty grams or more of cocaine base, three counts of distribution of fifty grams or more of cocaine base, and various related offenses. As of sentencing, Walls had fifteen prior criminal convictions, more than two of which were drug felonies. Finding that the drug conspiracy involved distribution of 538 grams of crack cocaine, I sentenced Walls to a mandatory term of life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A).[1] *See*

*United States v. Walls,* 841 F.Supp. 24 (D.D.C.1994), *aff'd,* 70 F.3d 1323 (D.C.Cir. 1995), *cert. denied,* 519 U.S. 827, 117 S.Ct. 90, 136 L.Ed.2d 46 (1996).

Walls filed a § 2255 motion on September 8, 2000, claiming that: 1) he received ineffective assistance of counsel; 2) the government did not properly notify him of its intention to seek an enhanced sentence; and 3) his life sentence contravenes *Apprendi.* On May 9, 2002, I denied Walls's § 2255 motion as untimely with respect to his two non-*Apprendi* claims. *See United States v. Walls,* 841 F.Supp. 24 (D.D.C. 2002). As of that time, the government had not responded to Walls's *Apprendi* claim. I therefore ordered the government to respond to Walls's *Apprendi* claim and to address, in particular, whether *Apprendi* is retroactively applicable to cases on collateral review and, if so, whether Walls is procedurally barred from using it to challenge his sentence.[2]

### II.

In *Apprendi,* the Supreme Court held, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348.

---

**1.** Section 841(b)(1)(A) provides that any person who commits a drug offense involving fifty or more grams of cocaine base "after two or more prior convictions for a felony drug offense have become final ... shall be sentenced to a mandatory term of life imprisonment without release...." 21 U.S.C. § 841(b)(1)(A).

**2.** On December 22, 1997, Walls had moved for an extension of time in which to file a § 2255 motion. The government opposed the motion, asserting that the time for filing such a motion had elapsed. On September 8, 2000, while his request for an extension of time was pending, Walls filed the instant § 2255 motion. On February 22, 2001, I denied the request for an extension of time

and, construing the § 2255 motion as a motion for leave to file, denied it as well. Walls then applied to the D.C. Circuit for leave to file a second or successive § 2255 motion. The D.C. Circuit dismissed the application as moot because Walls's initial § 2255 motion had not been resolved on the merits, and ordered that I determine whether that motion was timely, and if so, whether it had merit. *See In re Walls,* No. 02–3004 (D.C.Cir. Apr. 30, 2002). The government's arguments in its opposition to the motion for an extension of time permitted me to dispose of two of Walls's three claims. Those arguments do not apply to Walls's *Apprendi* claim. Therefore, I ordered supplemental briefing in order to rule on that claim.

In the context of drug cases, this means that when drug quantity causes a defendant's sentence to exceed the statutory maximum, it must be stated in the indictment and proven to a jury beyond a reasonable doubt. *See United States v. Fields,* 251 F.3d 1041, 1043 (D.C.Cir.2001). *Apprendi* thus invalidated the previous understanding that drug quantity is a sentencing factor to be determined by a judge. *See United States v. Fields,* 242 F.3d 393, 395–96 (D.C.Cir.2001) (overruling *United States v. Lam Kwong–Wah,* 966 F.2d 682, 685–86 (D.C.Cir.1992)).

Invoking *Apprendi,* Walls asserts that a specific drug quantity attributable to him was neither alleged in his indictment nor submitted to a jury and proven beyond a reasonable doubt. Accordingly, Walls argues he faces a maximum sentence of twenty years' imprisonment pursuant to 21 U.S.C. § 841(b)(1)(C), which governs sentences for drug offenses without regard to drug quantity. Walls, however, received a life sentence based in part on my finding that he had distributed and conspired to distribute 538 grams of crack cocaine, triggering the sentencing scheme set forth in 21 U.S.C. § 841(b)(1)(A). *See Walls,* 841 F.Supp. at 26. He thus asks that he be resentenced in accordance with 21 U.S.C. § 841(b)(1)(C).

■■■■ The government contends that *Apprendi* does not apply retroactively to

cases on initial collateral review, and thus Walls cannot use it to challenge his life sentence.[3] Generally, "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced," unless they fall within one of two exceptions. *Teague v. Lane,* 489 U.S. 288, 310, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). The first exception involves rules that forbid "criminal punishment of certain primary conduct" or prohibit "a certain category of punishment for a class of defendants because of their status or offense." *O'Dell v. Netherland,* 521 U.S. 151, 157, 117 S.Ct. 1969, 138 L.Ed.2d 351 (1997) (internal quotation marks and citation omitted). The second exception describes "watershed" rules of criminal procedure that are "aimed at improving the accuracy of trial" and "alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding." *Sawyer v. Smith,* 497 U.S. 227, 242, 110 S.Ct. 2822, 111 L.Ed.2d 193 (1990) (internal quotation marks and citations omitted).

Whether *Apprendi* applies retroactively to an initial § 2255 motion is an open question in this circuit. *See United States v. Hicks,* 283 F.3d 380, 389 (D.C.Cir.2002) (declining to decide the issue).[4] The seven circuits that have addressed the issue are unanimous that it does not. These circuits generally have held that while *Apprendi*

---

**3.** *Apprendi's* retroactivity is a "threshold question" that must be determined before reaching the merits of Walls's claim. *Caspari v. Bohlen,* 510 U.S. 383, 389, 114 S.Ct. 948, 127 L.Ed.2d 236 (1994).

**4.** The D.C. Circuit has held that *Apprendi* is not retroactively applicable for purposes of obtaining authorization to file a *second* § 2255 motion. *See In re Smith,* 285 F.3d 6, 9 (D.C.Cir.2002) (noting that 28 U.S.C. § 2255 ¶ 8 requires a second § 2255 motion to certify that it contains "(1) newly discovered evidence ... or (2) a new rule of constitu-

tional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" and stating that "the Supreme Court has not made *Apprendi* retroactive for purposes of collateral review").

Another member of this Court has concluded that *Apprendi* is not retroactive to cases pending on initial collateral review. *See United States v. Latney,* 131 F.Supp.2d 31, 34 (D.D.C.2001) (Hogan, J.). The defendant in that case was sentenced to 168 months' imprisonment, below the statutory maximum, and the court observed that "even if *Apprendi* applied retroactively to cases on collateral

created a "new rule" of constitutional criminal procedure, it is not a "watershed" rule capable of triggering *Teague's* second exception.[5] *See Curtis v. United States*, 294 F.3d 841, 844 (7th Cir.2002); *United States v. Mora*, 293 F.3d 1213, 1219 (10th Cir. 2002); *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir.2001); *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir.2001); *United States v. Sanders*, 247 F.3d 139, 151 (4th Cir.2001); *Jones v. Smith*, 231 F.3d 1227, 1238 (9th Cir.2000); *Goode v. United States*, 39 Fed.Appx. 152, 2002 WL 987905 (6th Cir.2002).

■■■■ I conclude that *Apprendi* is not retroactively applicable to an initial § 2255 motion, and thus it cannot serve to invalidate Walls's life sentence. As an initial matter, *Apprendi* clearly set forth a "new rule" of criminal procedure. The Supreme Court has explained that "[a] holding constitutes a 'new rule' within the meaning of *Teague* if it 'breaks new ground,' 'imposes a new obligation on the States or the Federal Government,' or was not 'dictated by precedent existing at the time the defendant's conviction became final.'" *Graham v. Collins*, 506 U.S. 461, 467, 113 S.Ct. 892, 122 L.Ed.2d 260 (1993) (quoting *Teague*, 489 U.S. at 301, 109 S.Ct. 1060). *Apprendi's* rule that certain facts previously considered sentencing factors must now be submitted to a jury as elements of an offense certainly qualifies under this definition. *See, e.g., Sanders*, 247 F.3d at 147.

I am not convinced, however, that *Apprendi* announced a "watershed" rule that "implicates the fundamental fairness of trial" as required by *Teague's* second exception. The Supreme Court has explained that *Teague's* second exception "is clearly meant to apply only to a small core of rules." *Graham v. Collins*, 506 U.S. 461, 478, 113 S.Ct. 892, 122 L.Ed.2d 260 (1993). To illustrate the type of rule that qualifies for this narrow exception, the Court has cited *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), which held that the Sixth Amendment guarantees an indigent defendant in a state criminal prosecution the right to court-appointed counsel. *See, e.g., Saffle v. Parks*, 494 U.S. 484, 495, 110 S.Ct. 1257, 108 L.Ed.2d 415 (1990).

I find that *Apprendi* is not of the same magnitude as *Gideon* so as to qualify as a "watershed" rule. *Apprendi* shifted from the judge to the jury the responsibility for determining "any fact that increases the penalty for a crime beyond the prescribed statutory maximum." *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348. In so doing, *Apprendi* also subjected such facts to proof beyond a reasonable doubt, rather than by a preponderance of the evidence. This reallocation of fact-finding duties and heightened standard of proof will, presumably, result in more accurate trials in some cases.[6] However, it cannot be considered to have "alter[ed] our understanding of the

---

review, *Apprendi* would not apply to the facts of this case." *Id.* at 35. The D.C. Circuit thereafter confirmed that *Apprendi* does not apply when a defendant is sentenced below the statutory maximum. *See United States v. Fields*, 251 F.3d 1041, 1043 (D.C.Cir.2001); *see also United States v. Fields*, 242 F.3d 393, 395–96 (D.C.Cir.2001). Thus, *Latney's* discussion of *Apprendi* may be dicta. *See United States v. Shark*, 158 F.Supp.2d 43, 64 (D.D.C. 2001) (Penn, J.) (stating that *Latney's* discussion "regarding *Apprendi's* retroactive application to cases on collateral review can be

considered dicta, as the defendant in that case was not prejudiced by the new rule").

5.  The circuits agree that *Apprendi* only implicates the second *Teague* exception, since *Apprendi* did not decriminalize a class of conduct or prohibit a class of punishment.

6.  This may be less true, however, in drug cases where the evidence of drug quantity is overwhelming. For example, the pre-sentence report in this case stated that the drug conspiracy run by Walls involved 538.73 grams of crack cocaine, far above the fifty

bedrock procedural elements essential to the fairness of a proceeding." *Sawyer,* 497 U.S. at 242, 110 S.Ct. 2822. *Apprendi's* procedural changes do not apply to every criminal trial. Rather, even after *Apprendi,* a judge may still decide facts relevant to sentencing by a preponderance of the evidence, as long as the resulting sentence does not exceed the statutorily prescribed maximum sentence for the crime in question. *See United States v. Fields,* 251 F.3d 1041, 1044–45 (D.C.Cir.2001) ("*Apprendi* does not apply to enhancements under the Sentencing Guidelines when the resulting sentence remains within the statutory maximum.").

■ Furthermore, a failure to observe *Apprendi's* requirements is not necessarily fatal to a conviction. Recently, in *United States v. Cotton,* — U.S. —, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002), the Supreme Court held that when a defendant does not challenge at the trial level the omission of a specific drug quantity from the indictment and the failure to submit it to a jury, his sentence is subject to plain error review, even when it violates *Apprendi. See id.* at 1786.[7] In *Cotton,* the Supreme Court held that several defendants were sentenced in violation of *Apprendi* because drug quantity was not alleged in their indictments or proven to a jury, but that this error "did not seriously affect the fairness, integrity, or public reputation of judicial proceedings." *Id.* The Court ex-

plained that "the fairness and integrity of the criminal justice system depends on meting out to those inflicting the greatest harm on society the most severe punishments." *Id.* at 1787. The Court continued, "The real threat then to the 'fairness, integrity, and public reputation of judicial proceedings' would be if respondents, despite the overwhelming and uncontroverted evidence that they were involved in a vast drug conspiracy, were to receive a sentence prescribed for those committing less substantial drug offenses because of an error that was never objected to at trial." *Id.* The Supreme Court therefore affirmed the defendants' sentences.

In contrast, the Supreme Court has described a total deprivation of the right to counsel in violation of *Gideon* as a "structural" error constituting a " 'defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself.' " *Johnson v. United States,* 520 U.S. 461, 468–69, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (quoting *Arizona v. Fulminante,* 499 U.S. 279, 310, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991)). Such error cannot be subject to plain error review. *See Cotton,* — U.S. at —, 122 S.Ct. at 1786 (citing *United States v. Olano,* 507 U.S. 725, 735, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). *Apprendi* is thus neither as sweeping nor as fundamental as *Gideon,* and it cannot satisfy the second exception to *Teague's* bar on retroactivity.[8]

---

grams required to trigger the sentencing scheme in 21 U.S.C. § 841(b)(1)(A). Walls did not challenge this amount, arguing instead that it should be treated as cocaine powder rather than cocaine base. Given the overwhelming evidence of drug quantity, and Walls's failure to object to it, it is not clear that having the jury determine drug quantity would have assured greater accuracy in convicting or sentencing Walls.

7. Under plain error review, an appellate court can correct an error not raised at trial if the defendant shows "(1) 'error,' (2) that is

'plain,' and (3) that 'affect[s] substantial rights.' If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.' " *Johnson v. United States,* 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (quoting *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)).

8. Another judge of this Court has issued a contrary decision. *See United States v. Shark,*

Therefore, Walls is not entitled to challenge life sentence based on *Apprendi*.

■ Alternatively, even if *Apprendi* applies retroactively to an initial § 2255 motion, Walls is procedurally barred from raising this claim. Walls did not argue in his direct appeal that the jury should have decided drug quantity. Therefore, he cannot make that argument now unless he can show "cause" for his failure to raise the issue on direct appeal and "actual prejudice" resulting from the alleged error, or show that he is actually innocent. *United States v. Frady*, 456 U.S. 152, 167, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). A defendant may show cause for failing to raise a claim if that claim is " 'so novel that its legal basis [was] not reasonably available to counsel.' " *Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (quoting *Reed v. Ross*, 468 U.S. 1, 16, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984)). However, a defendant cannot show cause for failing to raise a claim simply because doing so would have been futile. *See id.* at 623, 118 S.Ct. 1604 (stating that "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time' ") (quoting *Engle v. Isaac*, 456 U.S. 107, 130 n. 35, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982)) (internal quotation marks and citation omitted).

■ Walls cannot show cause excusing his failure to object to the finding of drug quantity attributable to him. A claim based on *Apprendi* is not "novel," because the foundation for such an argument "was laid years before the Supreme Court announced" it. *McCoy*, 266 F.3d at 1258; *see also Sanders*, 247 F.3d at 145 (noting that defendants have " 'been making *Apprendi*-like arguments ever since the Sentencing Guidelines came into being' ") (quoting *United States v. Smith*, 241 F.3d 546, 548 (7th Cir.2001)). Thus, this argument was "reasonably available" before Walls's conviction became final in 1996. This is true despite the fact that existing precedent before Walls's conviction became final stated that "the quantity of drugs involved in a conspiracy or distribution charge is not a basic element of the offense, but is rather a sentencing factor to be determined by the judge." *United States v. Lam Kwong–Wah*, 966 F.2d 682, 685 (D.C.Cir.1992), *overruled by United States v. Fields*, 242 F.3d 393, 395–96 (D.C.Cir.2001). As noted, that it may have been futile to raise a claim does not justify the failure to do so. *See Bousley*, 523 U.S. at 623, 118 S.Ct. 1604.[9]

Having decided that Walls failed to show cause for not challenging the procedure by which the drug quantity attributable to him was determined below, it is not neces-

158 F.Supp.2d 43, 64 (D.D.C.2001) (Penn, J.) (concluding that because *Apprendi* subjects certain facts to proof beyond a reasonable doubt rather than by a preponderance of the evidence, it "implicates the fundamental fairness of criminal proceedings," and stating that " '[t]o conclude otherwise trivializes the importance and purpose of that standard' ") (quoting *United States v. Hernandez*, 137 F.Supp.2d 919, 931–32 (N.D.Ohio 2001)). Since *Shark*, however, four additional circuits have held that *Apprendi* does not apply retroactively, and the Supreme Court decided in *Cotton* that *Apprendi* error, at least in the

context of drug offenses, is subject to plain error review. Thus, the weight of authority now appears to suggest that *Apprendi* does not have such a fundamental impact on the fairness of criminal proceedings that it qualifies as a "watershed" rule.

9. Thus, a rule can be a "new rule" for purposes of *Teague's* nonretroactivity analysis even if it was "reasonably available to counsel" and is not "novel" for purposes of *Frady's* requirement that a defendant show cause for nor raising it. *See Sanders*, 247 F.3d at 147 n. 5.

sary to determine whether he suffered actual prejudice.

### III.

For the foregoing reasons, an accompanying order denies Walls's § 2255 motion.