271 F.Supp.2d 278 (2003)
UNITED STATES of America,
v.
Christopher G. WASHINGTON, Movant.
Nos. CR.A.98-382 RWR, CIV.A. 01-2549.
United States District Court, District of Columbia.
July 16, 2003.
*279 *280 Kenneth W. Ravenell, Schulman, Treem, Kaminkow & Gilden, P.A., Baltimore, MD, Daniel E. Ellenbogen, Washington, DC, Kenneth M. Robinson, Robinson Law Firm, Washington, DC, for Defendant.
Charles Joseph Harkins, Jr., Martin Dee Carpenter, Judson Earle Lobdell, U.S. Attorney's Office, Washington, DC, for U.S.

MEMORANDUM OPINION
ROBERTS, District Judge.
Christopher Washington was sentenced to 262 months in prison following his guilty plea to unlawful possession with intent to distribute fifty grams or more of cocaine base. He now moves under 28 U.S.C. § 2255 (2000) to vacate, set aside, or correct his sentence. The government has moved to dismiss, asserting that Washington's motion is untimely. Because Washington's § 2255 application was not filed within the one-year statute of limitations and the circumstances do not justify equitable tolling, Washington's motion will be dismissed without a hearing as untimely.

BACKGROUND
Washington was charged with unlawful possession with intent to distribute fifty grams or more of cocaine base (Count One), 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii) (2000); unlawful possession of a firearm and ammunition by a convicted felon (Count Two), 18 U.S.C. § 922(g)(1); and using and carrying a firearm during a drug trafficking offense (Count Three). 18 U.S.C. § 924(c)(1). While represented by counsel, Washington pled guilty to Count One of the indictment. (Tr. of Apr. 13, 1999, at 56, 61.) The Court informed Washington that if he pled guilty to unlawful possession with intent to distribute fifty grams or more of cocaine base, he could receive a sentence of up to life in prison. (Id. at 44.) Washington acknowledged that he understood the terms of the plea agreement. (Id. at 42-44.) The government proffered that it could prove beyond a reasonable doubt, and Washington acknowledged as true, that during a traffic stop, Washington appeared to place something on the floorboard of the front passenger seat in which he was seated, and the police recovered 116.1 grams of cocaine base and a scale that fell to the ground when Washington was taken out of the car; an operable loaded pistol on the car floor at Washington's seat; and a list of drug customers and prices, and $1,204 in cash, on Washington's person. (Id. at 57-58.) Washington admitted during his plea that he had possessed about one hundred sixteen grams of crack cocaine and had intended to sell it. (Id. at 59.)
At the sentencing hearing on March 6, 2000, the Court found that partly because of the quantity of drugs Washington had possessed, he was a career offender under § 4B1.1 of the U.S. Sentencing Guidelines with an offense level of 37 and a criminal history category of VI. After a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1, Washington's adjusted offense level was 34, yielding a sentencing range of 262 to 327 months. (Pre-Sentence Investigation Report at 16.) The Court sentenced Washington to 262 months in prison. (J. of Mar. 10, 2000.) The Court warned Washington that if he wanted to appeal his sentence, he had to *281 file his notice of appeal within ten days of judgment being entered. Judgment was entered on March 20, 2000, but Washington filed no notice of appeal. On November 30, 2001, Washington filed this § 2255 motion to vacate, set aside, or correct sentence.[1]

DISCUSSION
Section 2255 allows a prisoner to move a court to vacate, set aside, or correct his sentence on the basis that it was improperly imposed.[2] Before the merits of a § 2255 motion can be heard, a court must first determine whether the motion is timely. See United States v. Cicero, 214 F.3d 199, 202 (D.C.Cir.2000). The motion is timely if filed within the applicable statute of limitations or if the limitation period is subject to equitable tolling. Id.

I. Timeliness

Section 2255 is subject to a one-year statute of limitations. The limitations time period:
run[s] from the latest of  (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; [or] (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review ....
Cicero, 214 F.3d at 200-01 (quoting § 2255 ¶ 6).

A. SUBPARAGRAPH 1
Section 2255 does not explicitly state when a judgment of conviction becomes final. In cases where a criminal defendant does not file a notice of direct appeal within the required ten-day period,[3] circuits have held that the proper date for beginning the § 2255 statute of limitations is either the date judgment is entered or the date by which a notice of appeal must be filed. See United States v. Sanders, 247 F.3d 139, 142 (4th Cir.2001) (stating that the § 2255 statute of limitations begins on the date judgment is entered); United States v. Schwartz, 274 F.3d 1220, 1223-24 & n. 1 (9th Cir.2001) (stating that determining whether the § 2255 statute of *282 limitations begins on the date judgment is entered or the date on which the notice of appeal must be filed was unnecessary because more than twelve months had passed from the later date). In this case, the Court entered judgment against Washington on March 20, 2000, and Washington filed no notice of appeal. His judgment became final, at the latest, on April 3, 2000. Washington did not file his § 2255 motion until November 30, 2001. Because more than nineteen months had passed before Washington filed his motion, the motion is not timely under § 2255 ¶ 6(1).

B. SUBPARAGRAPH 3
Washington nevertheless argues that his motion is timely under § 2255 ¶ 6(3) because it is based on a right newly recognized by the Supreme Court in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In Apprendi, the Court held that under the Fifth, Sixth, and Fourteenth Amendments, any fact other than a prior conviction that increases a defendant's penalty beyond the statutory maximum for the relevant crime must be submitted to a jury and proved beyond a reasonable doubt. Id. at 476, 490, 120 S.Ct. 2348. Washington argues that his sentence violated Apprendi because it was enhanced based on the Court's finding by a preponderance of the evidence that he possessed over fifty grams of cocaine base.
Even if this sentence enhancement did violate Apprendi, Washington would not be entitled to relief under § 2255 ¶ 6(3). Apprendi was decided on June 26, 2000, and Washington filed this motion seventeen months later on November 30, 2001. Thus, Washington did not file within one year of "the date on which the right asserted was initially recognized by the Supreme Court." § 2255 ¶ 6(3).
Washington may also be barred from bringing his motion under § 2255 ¶ 6(3) since Apprendi is unlikely to apply retroactively to cases on collateral review. An initial § 2255 motion, such as Washington's, may be brought where a "right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255 ¶ 6(3). Neither the Supreme Court nor the D.C. Circuit has yet applied Apprendi retroactively to an initial collateral attack. See United States v. Hicks, 283 F.3d 380, 389 (D.C.Cir.2002). Indeed, seven circuits have held that Apprendi does not retroactively apply to an initial motion for collateral review in federal court. See United States v. Walls, 215 F.Supp.2d 159, 162-63 (D.D.C.2002) (citing Curtis v. United States, 294 F.3d 841, 844 (7th Cir.2002); United States v. Mora, 293 F.3d 1213, 1219 (10th Cir.2002); McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir.2001); United States v. Moss, 252 F.3d 993, 1001 (8th Cir.2001); United States v. Sanders, 247 F.3d 139, 151 (4th Cir.2001); Jones v. Smith, 231 F.3d 1227, 1238 (9th Cir.2000); Goode v. United States, 39 Fed. Appx. 152 (6th Cir.2002)). Nevertheless, since some decisions suggest that a district court itself has authority to make newly recognized rights "applicable to cases on collateral review" under § 2255 ¶ 6(3), see Pryor v. United States, 278 F.3d 612, 615-16 (6th Cir.2002); Ashley v. United States, 266 F.3d 671, 674 (7th Cir.2001), a brief discussion of Apprendi's retroactivity is warranted.[4]
Apprendi established a new constitutional rule of criminal procedure. It changed the fact-finder from judge to jury and the burden of proof from preponderance of the evidence to beyond a reasonable doubt for any fact other than a prior *283 conviction that increases the penalty for a crime beyond the statutory maximum. See e.g., Curtis, 294 F.3d, at 843; Mora, 293 F.3d at 1218-19. Under Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), new constitutional rules of criminal procedure are not retroactively applicable to cases on collateral review unless one of two exceptions applies. Bousley v. United States, 523 U.S. 614, 619-20, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).
The first, limited exception is for new rules forbidding criminal punishment of certain primary conduct [and] rules prohibiting a certain category of punishment for a class of defendants because of their status or offense. The second, even more circumscribed, exception permits retroactive application of watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.
O'Dell v. Netherland, 521 U.S. 151, 157, 117 S.Ct. 1969, 138 L.Ed.2d 351 (1997) (internal quotations and citation omitted).
The first Teague exception does not apply here because "Apprendi did not decriminalize a class of conduct or prohibit a class of punishment." Walls, 215 F.Supp.2d at 163 n. 5. Teague's "watershed" exception also does not apply. A watershed exception must not only increase the accuracy of proceedings but must also "alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding." Sawyer v. Smith, 497 U.S. 227, 242, 110 S.Ct. 2822, 111 L.Ed.2d 193 (1990) (internal quotations omitted)(emphasis original). Apprendi is not of this magnitude because it is not clear that a jury would reach a substantially different conclusion than would a judge on drug quantity, and the elements of a possessory drug offense that are most difficult to prove, such as intent to distribute, have always needed to be proven beyond a reasonable doubt. See e.g., Goode, 39 Fed. Appx. at 158; Sanders, 247 F.3d at 149.
Supreme Court precedent suggests that Apprendi does not satisfy the watershed exception. First, in Saffle v. Parks, 494 U.S. 484, 495, 110 S.Ct. 1257, 108 L.Ed.2d 415 (1990), the Court cited Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) (holding that defendants have a right to counsel in criminal proceedings) as an example of the type of new constitutional rule of criminal procedure that would satisfy the watershed exception. The Court later used Gideon as an example of a very limited class of constitutional errors never subject to plain error review because they always "seriously affect[] the fairness, integrity or public reputation of judicial proceedings." See Johnson v. United States, 520 U.S. 461, 468-69, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (internal quotations omitted). Recently, the Court found that an Apprendi challenge to a 21 U.S.C. § 841 conviction, raised on direct appeal, was subject to plain error review because it did not "seriously affect the fairness, integrity or public reputation of judicial proceedings." See United States v. Cotton, 535 U.S. 625, 122 S.Ct. 1781, 1783-84, 152 L.Ed.2d 860 (2002). Because Apprendi errors are not of Gideon's limited class for purposes of plain error review, it is doubtful that the Supreme Court intends Apprendi to be a Gideon-type watershed exception.[5]See e.g., Curtis, 294 F.3d at 843; Mora, 293 F.3d at 1219; Walls, 215 F.Supp.2d at 164. Because neither Teague exception applies, Apprendi is not retroactively applicable to Washington's initial collateral attack. For *284 that reason, and since Washington did not file his motion within one year of the date of the Apprendi decision, Washington is precluded from bringing this motion under § 2255 ¶ 6(3).

C. SUBPARAGRAPH 2
Washington argues alternatively that his application is timely under § 2255 ¶ 6(2) as having been filed within one year of "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action." Washington contends that this circuit's opinion in United States v. Fields, 242 F.3d 393 (D.C.Cir.2001) (Fields I) removed an impediment to his making an Apprendi-type challenge. Fields I was decided on March 13, 2001, which preceded the time Washington filed this application by less than one year.
In Fields I, the court held:
In light of Apprendi, it is now clear that, in drug cases under 21 U.S.C. §§ 841 and 846, before a defendant can be sentenced to any of the progressively higher statutory maximums that are based on progressively higher quantities of drugs specified in subsections 841(b)(1)(A) or (B), the Government must state the drug type and quantity in the indictment, submit the required evidence to the jury, and prove the relevant drug quantity beyond a reasonable doubt.
242 F.3d at 396.[6] Washington notes that the Court's drug quantity finding did increase his sentence beyond a statutory maximum. Without the finding, he would have been sentenced under § 841(b)(1)(C), which carries a maximum of twenty years imprisonment, rather than under § 841(b)(1)(A), which carries a maximum of life imprisonment. Washington argues that until Fields I, his Apprendi-type claim was futile and it would have been frivolous for a lawyer to raise such a claim on his behalf.
It is not clear that the definition of impediment extends to new constitutional rules of criminal procedure. Most of the prior cases arising under § 2255 ¶ 6(2) deal with claims where the government failed to provide exculpatory information at the time the defendant made his case. See generally United States v. Cottage, 307 F.3d 494 (6th Cir.2002); Edmond v. United States Attorney, 959 F.Supp. 1 (D.D.C. 1997); Felix v. Artuz, No. 98 CIV. 6703 HB, 2000 WL 278077 (S.D.N.Y. Mar. 14, 2000).
One case where a petitioner did argue that an impediment was removed by a new rule of constitutional law affecting the statute under which the petitioner had been convicted is United States v. Tush, 151 F.Supp.2d 1246, 1248 (D.Kan.2001). The Tush court, however, did not address the meaning of impediment, noting instead that such a claim fails under § 2255 ¶ 6(2) because "[a]ny such impediment was not created by `governmental action in violation of the Constitution or laws of the United States.'" Id. (quoting § 2255 ¶ 6(2)). Rather than treat the statute itself as a government action, the court recognized that Congress provided § 2255 ¶ 6(3) for claims based on new constitutional rights. See id. Title 21 U.S.C. § 841, under which Washington was convicted, is facially constitutional, see United States v. Buckland, 289 F.3d 558 (9th Cir.2002), and *285 Apprendi announced a new procedural rule generally applicable to criminal statutes. Because Congress did not take an illegal action in passing § 841 and Apprendi-based claims may be raised under § 2255 ¶ 6(1) or ¶ 6(3), § 2255 ¶ 6(2) does not apply.
If § 2255 ¶ 6(2) were found broad enough to provide another statute of limitations exception for claims based on new constitutional rules that can already be raised under § 2255 ¶ 6(3), then any impediment was removed, at the latest, when the Supreme Court decided Apprendi, not when this circuit decided Fields I. Fields I was merely an interpretation of Apprendi. See Fields I, 242 F.3d at 396 ("In light of Apprendi, it is now clear that ... the Government must state the drug type and quantity in the indictment, submit the required evidence to the jury, and prove the relevant drug quantity beyond a reasonable doubt."). Thus, there could not be, as Washington argues, Apprendi-type claims that were frivolous post-Apprendi and non-frivolous post-Fields I. In fact, defendants have made Apprendi-type claims "ever since the Sentencing Guidelines came into being" in 1987. Stanley v. United States, 181 F.Supp.2d 119, 120-121 (N.D.N.Y.2002) (citing as Apprendi-type cases, McMillan v. Pennsylvania, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986); In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970)). "Furthermore, the Supreme Court has specifically noted that the legal issue in Apprendi had long been the subject of legal debate." United States v. Trinh, 166 F.Supp.2d 1042, 1047 (E.D.Pa.2001) (citing Apprendi v. New Jersey, 530 U.S. 466, 484-92, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)). Thus, Washington's Apprendi-type claim was doubtfully ever frivolous, and Fields I did nothing to rescue Washington's otherwise untimely motion under the § 2255 ¶ 6(2) exception.
Because none of the relevant § 2255 exceptions applies, Washington's application was not filed within the one-year statute of limitations.

II. Equitable Tolling

When, as here, a statute of limitations has run, a motion is time-barred unless the statute is subject to equitable tolling and there are "extraordinary circumstances" excusing the delay. See United States v. Saro, 252 F.3d 449, 453-54 (D.C.Cir.2001). The D.C. Circuit has twice spoken to the issue of whether 28 U.S.C. § 2255 is ever subject to equitable tolling. In neither case, though, did the court decide the issue because it found the factual circumstances to be not "extraordinary." See Saro, 252 F.3d at 455; Cicero, 214 F.3d at 203-04. As Washington has not demonstrated extraordinary circumstances here, this Court need not reach the issue of whether § 2255 is ever subject to equitable tolling.
This circuit has defined extraordinary circumstances as "circumstances beyond a prisoner's control [that] make it impossible to file a petition on time." Cicero, 214 F.3d at 203 (internal quotations omitted). Washington makes two arguments for excusing his delay. He claims that before Fields I, it would have been frivolous to raise his Apprendi-type claims. As is explained above, however, an Apprendi-type claim could have been brought at any time. Equitable tolling is not justified where "a petitioner has [] sat upon his rights." Cicero, 214 F.3d at 203.
Washington also asserts that his circumstances fall within the principle that equitable tolling is proper where a "court has led the plaintiff to believe that [he] had done everything required of [him] ...." Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984). He relies upon Carlile *286 v. S. Routt Sch. Dist. RE 3-J, 652 F.2d 981, 986 (10th Cir.1981), where a claimant was misled by a court order that could have reasonably been understood as granting an extension of the time for the claimant to file her complaint, and United States v. Patterson, 211 F.3d 927, 929-32 (5th Cir.2000), in which the court equitably tolled the statute of limitations where the petitioner reasonably understood the district court to have granted an extension beyond the statute of limitations. However, Washington has not argued that any court misled him to believe he was granted an extension beyond the one-year statute of limitations for filing his § 2255 motion. Therefore, Carlile and Patterson offer him no support.
Even if Washington's claims were frivolous until Apprendi was decided, under Saro, Washington's motion would be untimely nevertheless. Saro held that where equitable tolling applies, the one-year statute of limitations on filing a § 2255 motion begins or resumes when the circumstance making it impossible to file a timely petition has been lifted. See 252 F.3d at 454-55. Under this rule, Washington's one-year period would have begun on June 26, 2000 when Apprendi was decided and ended a year later on June 27, 2001. Since Washington did not file until November 30, 2001, the benefit of equitable tolling would have expired before he filed his motion.

CONCLUSION
Because Washington did not file his § 2255 motion within the one-year statute of limitations, and the circumstances do not justify equitable tolling, Washington's motion will be dismissed without a hearing as untimely. A separate Order accompanies this Memorandum Opinion.

ORDER
For the reasons set forth in the accompanying Memorandum Opinion, it is hereby
ORDERED that the government's motion to dismiss the petitioner's motion to vacate, set aside or correct his sentence be, and hereby is, GRANTED. The petitioner's motion is DISMISSED.
This is a final, appealable order.
NOTES
[1] Washington argues, among other things, that the Court lacked subject matter jurisdiction or sentenced him under the wrong quantity-dependent sentencing provision of 21 U.S.C. § 841 because the quantity of drugs involved allegedly was not specified in the indictment, during the plea proceeding, or during the sentencing. In addition, he argues that his plea was not knowingly and intelligently made because he did not know that drug quantity would need to be proven beyond a reasonable doubt if he proceeded to trial. Moreover, he argues that his sentence and § 841 violate the Supreme Court's ruling in Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Because of the disposition of this motion on timeliness grounds, these arguments need not be addressed.
[2] Section 2255 reads, in relevant part: "A prisoner in custody ... claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."
[3] "In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 [business] days ... of: (i) the entry of either the judgment or the order being appealed ...." Fed. R.App. P. 4(b)(1)(A)(i), 26(a)(2).
[4] Plainly, for a second or successive such motion under § 2255 to be filed, the Supreme Court itself must have made the new right retroactively applicable. § 2255 ¶ 8(2).
[5] While United States v. Shark, 158 F.Supp.2d 43, 64 (D.D.C.2001) reached a different conclusion, holding that Apprendi is subject to the watershed exception, this decision preceded Cotton. Walls, 215 F.Supp.2d at 165 n. 8.
[6] This portion of Fields I was undisturbed upon rehearing, when the court three months later held that facts which increase sentences within the statutory maximum do not create Apprendi problems. United States v. Fields, 251 F.3d 1041, 1043 (D.C.Cir.2001) (Fields II).