**UNITED STATES of America,**
**Appellee,**

v.

**Eric A. HICKS, *a/k/a* Fat**
**Eric, Appellant.**

**No. 01–3040.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Feb. 1, 2002.

Decided March 26, 2002.

Mary Manning Petras, appointed by the court, argued the cause and filed the briefs for appellant.

Valinda Jones, Assistant United States Attorney, argued the cause for appellee. With her on the brief were Roscoe C. Howard, Jr., United States Attorney, and John R. Fisher, Assistant United States Attorney. Mary–Patrice Brown, Assistant United States Attorney, entered an appearance.

Before: GINSBURG, Chief Judge, EDWARDS and SENTELLE, Circuit Judges.

Opinion for the court filed by Circuit Judge EDWARDS.

HARRY T. EDWARDS, Circuit Judge:

Eric Hicks received a Certificate of Appealability ("COA") to challenge a District Court decision striking his motion to supplement an application for collateral relief under 28 U.S.C. § 2255. After being convicted in federal court on various drug distribution and conspiracy offenses, Hicks filed a § 2255 motion claiming that, by offering leniency to some of its witnesses in exchange for their testimony, the Government had tainted his trial and made his continued incarceration unlawful. While this motion was still pending before the District Court, the Supreme Court decided *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Hicks believed that the Court's decision offered him another possible avenue of relief, so he

sought to supplement his § 2255 application with an *Apprendi* claim. He failed, however, to submit this claim until after the trial court had denied his original motion. Hicks' proposed supplement was therefore stricken as untimely.

Hicks then asked the District Court to reconsider its decision. It did so, but only to strike the supplementary pleading again, this time on a different ground: because it did not "relate back" to Hicks' original § 2255 motion. *See United States v. Hicks, Order,* Crim. No. 93–0097–02 (Feb. 22, 2001) (*"Reconsideration Order"*), *reprinted in* Record Material for Appellee ("RMA")-J. This ruling formed the basis for Hicks' COA and, accordingly, it is this ruling that is at issue here. Hicks' challenge, however, fails.

Hicks did not file his *Apprendi* motion until more than a year after his criminal conviction became final. Therefore, that motion is barred by § 2255's one-year "period of limitation" unless, under Rule 15 of the Federal Rules of Civil Procedure, it can be said to "relate back" to the date on which Hicks' original (and timely) application for relief was filed. Rule 15 prescribes how civil pleadings may be amended and supplemented, and it applies to § 2255 proceedings. Hicks' amendment is better classified as an "amendment" under 15(a) than as a "supplemental pleading" under 15(d). In either event, however, it does not meet the standards for "relation back" to his original application for relief. Hicks' attempt to amend his § 2255 motion raised an entirely new legal claim arising from a new set of facts; therefore, his application was untimely unless it independently satisfied the statute's one-year limitations period. It did not, and therefore was properly disallowed.

## I. BACKGROUND

Hicks, a member of the notorious "First Street Crew," was convicted in February 1994 on an assortment of drug distribution and criminal conspiracy charges. He was sentenced to two life terms, along with two terms of 240 months and one of 480 months, all to run concurrently. His direct appeal, challenging both his conviction and his sentence, was rejected by this court. *See United States v. White,* 116 F.3d 903 (D.C.Cir.1997). Hicks' conviction was final on November 3, 1997, when the Supreme Court denied his petition for a writ of certiorari. *See Hicks v. United States,* 522 U.S. 960, 118 S.Ct. 391, 139 L.Ed.2d 306 (1997). On November 2, 1998, the day on which the one-year statute of limitations on motions for collateral relief was to expire, Hicks filed such a motion under § 2255.

An application for relief under § 2255 is properly termed a "motion," rather than a "petition," the term used in habeas corpus proceedings challenging state court criminal judgments under 28 U.S.C. § 2254. *See* Advisory Committee Notes to Rule 1 of the Rules Governing Section 2255 Proceedings For the United States District Courts. In his motion, Hicks relied on *United States v. Singleton,* 144 F.3d 1343 (10th Cir.1998), *rev'd,* 165 F.3d 1297 (10th Cir.1999) (*en banc*), to argue that the Government violated 18 U.S.C. § 201(c)(2) by promising leniency to its witnesses in exchange for their trial testimony. Hicks also adopted any arguments advanced in the § 2255 motions of his co-defendants, Antone White and Ronald Hughes, insofar as those arguments were applicable to him.

Whatever arguable merit Hicks' § 201(c)(2) claim had when he originally made it was obviated by this court's decision in *United States v. Ramsey,* 165 F.3d 980, 986-91 (D.C.Cir.1999). Hicks' motion nevertheless languished in the District Court; indeed, the Government did not even file an opposition to the motion until February 1, 2000. On June 26, 2000, while

Hicks' motion was still pending, the Supreme Court issued its decision in *Apprendi*. The Court held that any fact other than a prior conviction that increases the penalty for an offense beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. 530 U.S. at 490, 120 S.Ct. 2348.

On November 6, 2000, the District Court ruled on, and denied, Hicks' original application for collateral relief. The court rejected Hicks' § 201(c)(2) argument on the strength of *Ramsey*, and held that neither of the "incorporated" claims advanced by Hicks' co-defendants offered him any basis for relief. *See United States v. Hicks, Memorandum Order* (Nov. 6, 2000), *reprinted in* RMA-F.

A week later, on November 13, 2000, Hicks filed a new motion, contending that *Apprendi* applied to his case, because the drug quantities on which his sentence was based had not been found by his jury but rather by the trial judge. This new motion was presented as a supplement to Hicks' § 2255 motion that had been denied a week earlier.

On November 28, 2000, the District Court struck Hicks' *Apprendi* motion. The trial court held that there was nothing to *supplement*, because the original § 2255 motion had been denied. The trial court instructed Hicks that, if he wished to press his *Apprendi* argument, he would have to file a "second or successive motion," one subject to the strict gatekeeping rules imposed by § 2255. *See Hicks v. United States, Order* (Nov. 28, 2000) ("*Order Striking Supplement*"), *reprinted in* RMA-H. Rather than do so, however, Hicks urged the District Court to reconsider its decision. Hicks argued that his *Apprendi* claim should be addressed, because Hughes, whose § 2255 arguments Hicks had incorporated, had added such a claim to his own motion *before* the trial judge

denied the one made by Hicks. Hicks also asserted that his attorney never received a copy of the court's November 6 Order, and, therefore, did not know that her client's original application had been denied when she filed the later motion on November 13.

On February 22, 2001, the District Court accepted Hicks' request for reconsideration. At the same time, however, the court once again decided to strike the *Apprendi* motion. In the decision denying Hicks' request for relief, the District Court rested primarily on Rule 15(c) of the Federal Rules of Civil Procedure, and concluded that any claim filed after February 1, 2000, when the Government responded on the merits to Hicks' § 2255 motion, "had to relate back to the original petition." The District Court then held that the *Apprendi* claim could only be presented in a separate motion, because it did not relate back to the original motion. *See Reconsideration Order*, RMA-J.

Following the District Court's rejection of his request for relief, Hicks sought a COA on the grounds that the District Court had confused Rule 15(d), which covers supplements, with Rule 15(a), which concerns amendments. Alternatively, he argued that his *Apprendi* claim did sufficiently relate back to his original motion, because both grew out of the same criminal conviction and sentence. On April 10, 2001, the District Court judge granted Hicks' motion for a COA on the question of "whether an amendment to a Section 2255 petition is supplemental under Rule 15(c) of the Federal Rules of Civil Procedure." *United States v. Hicks, Order* (April 10, 2001), *reprinted in* RMA-L. Hicks now pursues that issue in this court.

## II. DISCUSSION

While the COA that serves as the basis for this appeal is hardly a model of clarity,

it does invite us to consider the circumstances under which a § 2255 applicant may amend or supplement his original motion in an attempt to raise new claims or clarify existing ones. We must therefore consider the intersection of Rule 15 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2255, and, in particular, the strict time limits that Congress has placed on prisoners seeking collateral relief.

### A. The Distinction Between Amendments and Supplemental Pleadings under Rule 15

■ The first issue that we must resolve is whether Hicks' *Apprendi* motion is an "amendment" under Rule 15(a) or a "supplemental pleading" under Rule 15(d). Both Hicks and the Government have assumed the motion to be supplementary. We disagree.

It is true that these labels are often confused in practice and that the distinction is in most instances of little moment. There are, however, at least two ways in which the nomenclature might matter. First, while a party may freely offer an amendment at any time before a responsive pleading is served, supplements always require leave of the court. *See* 6A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1504, at 186 (2d ed.1990) ("WRIGHT & MILLER"); *Young-Henderson v. Spartanburg Area Mental Health Center*, 945 F.2d 770, 775 (4th Cir.1991). Second, while it is clear that the relation back of an amendment to the filing date of the original pleading is governed by the terms of Rule 15(c), the circumstances under which supplements may relate back have not been codified. *See* FED.R.CIV.P. 15(d) advisory committee notes (1963 Amendment) (indicating that this issue was left "for decision in accordance with the principles applicable to supplemental pleading generally"); 6A WRIGHT & MILLER § 1508, at 200 ("Neither the federal rules nor the case law

indicates whether or under what circumstances a supplemental pleading will relate back to the date of the original pleading to avoid the effect of the governing statute of limitations.").

This said, we acknowledge that courts often simply apply the principles of 15(c) to supplemental pleadings. *See, e.g., FDIC v. Knostman*, 966 F.2d 1133, 1138-39 (7th Cir.1992); *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 609 n. 3 (4th Cir. 1980); *cf.* 6A WRIGHT & MILLER § 1508, at 201-02 (endorsing this approach on the ground that, "if [a party] is given sufficient notice of the nature of the claim being asserted at the outset of the action, the policy underlying the statute of limitations is in no way compromised by allowing a supplemental pleading to relate back").

■ Nevertheless, insofar as the difference may be meaningful, we believe that Hicks' motion seeking to add an *Apprendi* claim to his pending § 2255 request is better understood as an amendment than as a supplemental pleading. The distinguishing feature of the latter is that it sets forth "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." FED.R.CIV.P. 15(d); *see also, e.g., Weeks v. New York State (Div. Of Parole)*, 273 F.3d 76, 88 (2d Cir.2001) (noting that supplemental pleadings relate to events that "have transpired *since* the date of the party's most recent pleading"). Supplements therefore contrast with amendments, which typically rest on matters in place *prior to* the filing of the original pleading. *See* 6A WRIGHT & MILLER § 1504, at 184.

■ The question in this case is whether intervening judicial decisions are the sort of "occurrences or events" to which Rule 15(d) refers. We think not. The purposes to which the rule is typically put support the conclusion that the appropri-

ate bases for supplemental pleadings are new facts bearing on the relationship between the parties, rather than merely changes in the law governing those facts. *See id.* § 1504, at 177-83 (Rule 15(d) is used to set forth new facts that update the original pleading or provide the basis for additional relief; to put forward new claims or defenses based on events that took place after the original complaint or answer was filed; to include new parties where subsequent events have made it necessary to do so); *see also, e.g., Gillihan v. Shillinger,* 872 F.2d 935, 941 (10th Cir. 1989) ("The supplement concerned events which took place after he filed the complaint, to wit: defendants went beyond freezing plaintiff's account and removed funds therefrom ...").

Accordingly, given that none of the factual occurrences set forth in Hicks' *Apprendi* motion – in particular, the Government's failure to submit drug quantities to the jury – took place after he filed his initial § 2255 application, we hold that Rule 15(d) is not implicated. The only effect of *Apprendi* itself was to alter the legal significance of these prior events. Although Hicks' motion surely invoked that case, its true focus was on the old facts that the Supreme Court's decision had suddenly made more relevant. And because those matters had already transpired at the time of his original motion, Hicks' subsequent motion was merely an attempt to "amend" his original motion. *See* 6 WRIGHT & MILLER § 1473, at 520 (suggesting that the function of amendments under Rule 15(a) is to allow a party "to assert matters that were overlooked or were unknown at the time he interposed the original [motion]").

## B. *The Application of Rule 15 in § 2255 Proceedings*

Because the District Court apparently abandoned its original basis for refusing to consider Hicks' amendment – *i.e.,* that his original § 2255 motion had been dismissed – we do not review that reasoning here. Instead, in its *Reconsideration Order,* the District Court rejected the amendment because it did not "relate back to the original petition," a determination that requires us to consider when amendments to § 2255 motions are permitted, and how such amendments interact with the statute of limitations that Congress has imposed on motions for collateral relief.

Under Rule 12 of the Rules Governing Section 2255 Proceedings, in the absence of a procedure specified either in the rules or in the statute, a district court "may apply the Federal Rules of Criminal Procedure or the Federal Rules of Civil Procedure, whichever it deems most appropriate, to motions filed under these rules." While both § 2255 and its governing rules are silent as to amendments, 28 U.S.C. § 2242 provides that an application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." We hold, in agreement with all of the other circuits that have considered the issue, that this principle applies to § 2255 proceedings as well, and, therefore, that such motions may be amended under the terms set by Rule 15(a). *See United States v. Saenz,* 282 F.3d 354, 356 (5th Cir.2002); *United States v. Pittman,* 209 F.3d 314, 317 (4th Cir.2000); *United States v. Duffus,* 174 F.3d 333, 336-37 (3d Cir. 1999); *cf. Fama v. Comm'r of Correctional Servs.,* 235 F.3d 804, 815-16 (2d Cir.2000) (holding that §§ 2254 and 2255 should be construed *in pari materia* with respect to "the timeliness of motions for leave to amend"). Accordingly, the "permissive approach" evinced by Rule 15(a) to the amendment of pleadings applies with equal force to § 2255 motions. *United States v. Thomas,* 221 F.3d 430, 435-36 (3d Cir. 2000); *cf.* 6 WRIGHT & MILLER § 1471, at

505-06 (observing that the purpose of 15(a) "is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities").

■ That said, however, it does not follow that the District Court erred in striking Hicks' amendment. When Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132 § 105, 110 Stat. 1214 (Apr. 24, 1996), it imposed a one-year "period of limitation" on all motions made under § 2255. That period begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(1). Although the statute does not define when finality occurs, our sister circuits have uniformly concluded that, if a prisoner petitions for certiorari, the contested conviction becomes final when the Supreme Court either denies the writ or issues a decision on the merits. *See Washington v. United States*, 243 F.3d 1299, 1300-01 (11th Cir.2001) (citing cases). If no petition is filed, most courts have held that the clock begins to run when the 90-day period for seeking certiorari expires. *See Kaufmann v. United States*, 282 F.3d 1336, 1337–38 (11th Cir.2002) (so holding, and in the process siding with the Third, Fifth, Ninth, and Tenth Circuits and rejecting the contrary conclusion of the Fourth and Seventh Circuits that the period begins with the issuance of the mandate by the Court of Appeals). Because Hicks did seek certiorari after losing his direct appeal, his conviction became final when that petition was denied on November 3, 1997.

■ While his original § 2255 motion came within the limitation period, filed as it was on November 2, 1998, Hicks did not offer his subsequent *Apprendi* motion until November 13, 2000. That amendment was therefore time-barred, and properly struck by the District Court, unless it was subsumed by the timely first motion pursuant to the "relation back" doctrine. While § 2255 and its governing rules say nothing about relation back, that doctrine is well-established in ordinary civil procedure, through Rule 15(c). The rule provides that, under certain circumstances, an amendment of a pleading relates back to the date of the original pleading, thereby avoiding statute of limitations problems that otherwise might have beset the amendment. *See* 6A WRIGHT & MILLER § 1496, at 64; *Singletary v. Pennsylvania Dep't of Corrections*, 266 F.3d 186, 193 (3d Cir.2001) ("Rule 15(c) can ameliorate the running of the statute of limitations on a claim by making the amended claim relate back to the original, timely filed complaint.").

Our sister circuits agree that the basic principles of Rule 15(c) apply to amendments of § 2255 motions. *See United States v. Espinoza-Saenz*, 235 F.3d 501, 503-05 (10th Cir.2000); *Davenport v. United States*, 217 F.3d 1341, 1344-46 (11th Cir.2000); *Pittman*, 209 F.3d at 317; *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir.1999). They have thus rejected the argument that the legal changes imposed by AEDPA preclude the relation back of amendments that otherwise would be time-barred. *See Anthony v. Cambra*, 236 F.3d 568, 576-78 (9th Cir.2000); *Fama*, 235 F.3d at 815-16; *Thomas*, 221 F.3d at 434-37. Section 2255's "period of limitation" is a statute of limitations like any other, and like any other is subject to the principles of relation back. *Cf. Dunlap v. United States*, 250 F.3d 1001, 1004 & n. 1 (6th Cir.2001) (joining every other circuit to have considered the question in holding that "the one-year limitation period under § 2255 (or § 2244) is a statute of limitations, subject to the doctrine of equitable tolling, rather than a jurisdictional requirement"). At least in this respect, then, prisoners seeking collateral relief stand on

an equal footing with ordinary civil claimants.

■ This, however, does not mean that Hicks' amendment may avail itself of the filing date of his original § 2255 motion. Under Rule 15(c)(2), an amendment is permitted to relate back only when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Accordingly, while amendments that expand upon or clarify facts previously alleged will typically relate back, those that significantly alter the nature of a proceeding by injecting new and unanticipated claims are treated far more cautiously. *See* 6A Wright & Miller § 1497, at 84; *Bowles v. Reade*, 198 F.3d 752, 762 (9th Cir.1999) ("If the amended complaint alleged a new claim for relief that arose out of different conduct or transactions it would not relate back to the original complaint."); *FDIC v. Conner*, 20 F.3d 1376, 1385-86 (5th Cir.1994).

In the context of § 2255 amendments, the courts have taken a relatively consistent approach to relation back. Although Rule 15(c) could be read to mean that the relevant "occurrence" is the claimant's trial and sentencing, this interpretation has been resisted, and with good reason. In most cases, a prisoner's claims for collateral relief will arise out of the same criminal conviction; therefore, if the defendant's trial and sentencing are construed to be the "occurrence," virtually any purported amendment will relate back. Such a result would be difficult to square with Congress' decision to expedite collateral attacks by placing stringent time restrictions on § 2255 motions. *See Espinoza–Saenz*, 235 F.3d at 505; *Davenport*, 217 F.3d at 1345–46; *Pittman*, 209 F.3d at 318.

■ Therefore, like our sister circuits, we agree that Rule 15(c) does not apply where the prisoner's proposed amendment makes claims or is based on occurrences "totally separate and distinct, 'in both time and type' from those raised in his original motion." *Espinoza–Saenz*, 235 F.3d at 505 (quoting *Craycraft*, 167 F.3d at 457); *see also Davenport*, 217 F.3d at 1344 (suggesting that, in order to relate back, an untimely claim must have arisen from the "same set of facts" as the timely claim). In such circumstances, the Government would be deprived of "sufficient notice of the facts and claims giving rise to the proposed amendment," thus subverting the central policy of the relation-back doctrine. *Anthony*, 236 F.3d at 576.

In contrast, in cases in which such notice has been afforded, for example where the prisoner's amendment seeks merely to elaborate upon his earlier claims, this effort should not generally be barred by the statute of limitations. *See Dean v. United States*, 278 F.3d 1218, 1222 (11th Cir.2002) ("When the nature of the amended claim supports specifically the original claim, the facts there alleged implicate the original claim, even if the original claim contained insufficient facts to support it. One purpose of an amended claim is to fill in facts missing from the original claim."); *Duffus*, 174 F.3d at 337 ("Certainly the court could have permitted an amendment to clarify a claim initially made.").

■ Thus, while an amendment offered for the purpose of adding to or amplifying the facts already alleged in support of a particular claim may relate back, *see Thomas*, 221 F.3d at 436 (observing that an amendment seeking "to correct a pleading deficiency by expanding the facts but not the claims alleged in the petition" would clearly fall within Rule 15(c)), one that attempts to introduce a new legal theory based on facts different from those underlying the timely claims may not, *see Dean*, 278 F.3d at 1221 ("Congress did not intend Rule 15(c) to be so broad as to allow

an amended pleading to add an entirely new claim based on a different set of facts."). These principles are faithful both to the underlying purposes of Rule 15(c) and to the concerns about drawn-out and unlimited collateral attacks on federal criminal judgments evinced by the passage of AEDPA. They ensure that relation back will be allowed only where the original motion provides adequate notice of the prisoner's claims and the proposed amendment would neither change the fundamental nature of those claims nor prejudice the Government's defense by requiring it to prepare its case anew. *See* 6A WRIGHT & MILLER § 1497, at 84–85.

■ Applying the foregoing analysis to the present case, we have little trouble concluding that Hicks' *Apprendi* motion cannot be allowed to relate back. The claim raised by this amendment is completely different from that asserted in the original § 2255 motion. The amendment advances an entirely new legal theory that arises from an entirely different set of facts and type of conduct – the Government's failure to prove the quantity of drugs at trial – than did the timely motion, which was based on the Government's willingness to grant leniency in exchange for testimony. Therefore, Rule 15(c) does not permit Hicks' amendment to take shelter in the filing date of his initial application for collateral relief. And because that subsequent motion was made more than a year after the prisoner's conviction became final, it is time-barred.

It is true of course that § 2255's period of limitation has an alternative trigger: "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(3). Hicks, however, has nowhere asserted this as a basis for the timeliness of his motion. Thus, the issue

of whether *Apprendi* applies retroactively under the rules enunciated in *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), is not properly before us. Moreover, it is not even clear that § 2255(3) confers the power on a circuit court to make a right retroactive where the Supreme Court has not yet done so itself. *See Pryor v. United States,* 278 F.3d 612, 615-16 (6th Cir.2002) (noting the various positions staked out by the circuits on this issue).

Finally, we note that the four circuits that have directly confronted the question have all concluded that *Apprendi* does not apply retroactively. *See McCoy v. United States,* 266 F.3d 1245, 1258 (11th Cir.2001); *United States v. Moss,* 252 F.3d 993, 1001 (8th Cir.2001); *United States v. Sanders,* 247 F.3d 139, 151 (4th Cir.2001); *Jones v. Smith,* 231 F.3d 1227, 1238 (9th Cir.2000). No court of appeals has held otherwise, although some circuit judges and district courts have articulated reasons why one might do so. *See United States v. Clark,* 260 F.3d 382, 383-89 (5th Cir.2001) (Parker, J., dissenting); *United States v. Shark,* 158 F.Supp.2d 43, 62–64 (D.D.C. 2001); *United States v. Hernandez,* 137 F.Supp.2d 919, 927–32 (N.D.Ohio 2001). This court has yet to consider the issue, and we need not do so here.

### III. CONCLUSION

For the reasons given above, we hold that the District Court properly struck Hicks' November 13, 2000 amendment. Because that amendment was filed more than a year after Hicks' conviction became final, and cannot be deemed to relate back to the filing date of his original § 2255 motion, it was untimely. If Hicks seeks to pursue a new collateral attack on his sentence, he must do so by presenting a "sec-

ond or successive motion" subject to AED-PA's gatekeeping rules.

*It is so ordered.*