YOUNG WOMEN'S CHRISTIAN ASSO-
CIATION OF THE NATIONAL CAP-
ITAL AREA, INC., Plaintiff,

v.

ALLSTATE INSURANCE COMPANY
OF CANADA et al., Defendants.

Civ.A. No. 94–0741(RMU).

United States District Court,
District of Columbia.

March 10, 2003.

Bardyl R. Tirana, Washington, DC, for plaintiff.

Joseph S. Crociata, Stuart Lewis Peacock, Bonner, Kiernan, Trebach & Crociata, Washington, DC, for New Hampshire Insurance Company.

Aaron L. Handleman, Ronald William Fuchs, Jeffrey Treadwell Lindgren, Eccleston & Wolf, Washington, DC, Richard W. Driscoll, The Duff Law Firm, Fairfax, VA, for American Home Assurance Company.

John A. Scaldara, Donald J. Walsh, Scaldara & Potler, LLP, Baltimore, MD, for Halifax Insurance Company.

## *MEMORANDUM OPINION*

DENYING THE PLAINTIFF'S MOTION TO AMEND OR SUPPLEMENT THE COMPLAINT; DENYING THE PLAINTIFF'S MOTION FOR A HEARING

URBINA, District Judge.

### I. INTRODUCTION

Transferred to this court last year shortly after a ruling by the Court of Appeals,[1] this case involves a long-running dispute between the Young Women's Christian Association of the National Capital Area ("the plaintiff") and defendants Halifax Insurance Company ("Halifax"), New Hampshire Insurance Company ("New Hampshire"), and American Home Insurance Company ("American Home") (collectively, "the defendants") over insurance payments associated with damages to precast concrete building panels. This matter comes before the court on the plaintiff's motion to amend or supplement its second amended complaint with a $25 million punitive damages claim. Because the proposed amended complaint does not meet the relation-back or notice requirements of Rule 15, the court denies the plaintiff's motion to amend or supplement its second amended complaint.

### II. BACKGROUND

In 1979, the plaintiff decided to erect a new building in the District of Columbia.2d Am. Compl. ¶ 12. The plaintiff hired Tiber Construction Company ("Tiber") as its general contractor, and Tiber in turn hired Beer Precast Concrete Limited ("Beer") as its subcontractor. *Id.* ¶¶ 13–14. Beer manufactured the precast concrete panels that make up most of the exterior shell of the building. *Id.* ¶ 16. In 1990, however, the plaintiff discovered that the precast concrete panels were deteriorating, and sued Beer and Tiber in this court for breach of contract and negligence. *Id.* ¶¶ 18–19. In 1994, a jury returned a verdict for the plaintiff in the amount of $4.5 million, and the district court entered judgment accordingly. *Id.* ¶ 19. Because Beer could not satisfy the judgment due to insolvency, the plaintiff instead filed suit against Beer's insurers. Opp'n (Halifax) at 2.

During 1994, the plaintiff filed a series of complaints ("the 1994 complaints") against the insurers. Compl.; Am. Compl.; 2d Am. Compl. On April 5, 1994, the plaintiff filed a complaint against Allstate Insurance Company of Canada ("Allstate") and Kansa General Insurance Company ("Kansa") to recover its $4.5 million judgment. Compl. ¶¶ 6–8. On June 16, 1994, the plaintiff amended its complaint to add defendants Halifax, New Hampshire, American Home, Norad Reinsurance ("Norad"), and Richmond Insurance ("Richmond"). Am. Compl. ¶¶ 33–56. On December 1, 1994, after the district court dismissed Richmond from the case, the plaintiff amended its first amended complaint to remove Richmond from the pleadings and to clarify certain aspects of the allegations against Allstate and New Hampshire.2d Am. Compl. ¶¶ 9, 25–26, 36–37, 48–51. Subsequently, the plaintiff reached a settlement with Allstate. *Young Women's Christian Ass'n of the Nat'l Capital Area, Inc. v. Allstate Ins. Co. of Canada,* 275 F.3d 1145, 1148 (D.C.Cir.2002). The district court later dismissed the claims against Kansa, entered a default judgment against Norad, and granted summary judgment as to Halifax, New Hampshire, and American Home. *Id.* at 1148–49. The plaintiff appealed the grants of summary judgment, and on January 15, 2002, the Court of Appeals reversed the district court's grants of summary judgment and remanded the case to this court. *Id.* at 1146, 1155.

On May 3, 2002, the plaintiff moved to amend or supplement its second amended complaint with a $25 million punitive damages claim against remaining defendants Halifax, New Hampshire, and American

---

1. Originally assigned to another member of this court, this case was reassigned to this court by the Calendar Committee after the Court of Appeals reversed and remanded the case. *See*

*Young Women's Christian Ass'n of the Nat'l Capital Area, Inc. v. Allstate Ins. Co. of Canada,* 275 F.3d 1145 (D.C.Cir.2002).

Home. The court now addresses the plaintiff's motion.

## III. ANALYSIS

### A. Legal Standards Pursuant to Rule 15

#### 1. Legal Standard to Amend a Complaint Pursuant to Rule 15(a) and (c)

Under Federal Rule of Civil Procedure 15(a), a party may amend its complaint once as a matter of course at any time before a responsive pleading is served. FED. R. CIV. P. 15(a). Once a responsive pleading is filed, a party may amend its complaint only by leave of the court or by written consent of the adverse party. *Id.; Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The grant or denial of leave is committed to the discretion of the district court. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C.Cir.1996). The court must heed Rule 15's mandate that leave is to be "freely given when justice so requires." FED. R. CIV. P. 15(a); *Foman*, 371 U.S. at 182, 83 S.Ct. 227; *Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1083 (D.C.Cir. 1998). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182, 83 S.Ct. 227. Denial of leave to amend therefore constitutes an abuse of discretion unless the court gives sufficient reason, such as futility of amendment, undue delay, bad faith, dilatory motive, undue prejudice, or repeated failure to cure deficiencies by previous amendments. *Id.; Caribbean Broad. Sys.*, 148 F.3d at 1083.

Rule 15(c) allows a plaintiff to amend its complaint to add a claim or defense when that claim or defense "arose out of the conduct, transaction, or occurrence" set forth in the original pleading. FED. R. CIV. P. 15(c); *United States v. Hicks*, 283 F.3d 380, 388 (D.C.Cir.2002) (discussing the relation-back doctrine). Typically, amendments that build on previously alleged facts will relate back. *Hicks*, 283 F.3d at 388. But "those that significantly alter the nature of a proceeding by injecting new and unanticipated claims are treated far more cautiously." *Id.* Courts inquire into whether the opposing party has been put on notice regarding the claim. 6A Fed. Prac. & Proc. Civ.2d § 1497. If the alteration is "so substantial that it cannot be said that defendant was given adequate notice ... then the amendment will not relate back and will be time barred if the limitations period has expired." *Id.*

#### 2. Legal Standard to Supplement a Pleading Pursuant to Rule 15(d)

Rule 15(d) authorizes the court, "upon reasonable notice and upon such terms as are just," to permit a party to serve a supplemental pleading setting forth events which have happened since the date of the original complaint. FED. R. CIV. P. 15(d). The "basic aim of the rules [is] to make pleadings a means to achieve an orderly and fair administration of justice." *Gomez v. Wilson*, 477 F.2d 411, 417 (D.C.Cir.1973) (quoting *Griffin v. County School Bd.*, 377 U.S. 218, 227, 84 S.Ct. 1226, 12 L.Ed.2d 256 (1964)). Supplements under Rule 15(d) always require leave of the court, and the court has broad discretion in determining whether to allow supplemental pleadings in the interests of judicial economy and convenience. *Hicks*, 283 F.3d at 385; *Miller v. Air Line Pilots Ass'n Int'l*, 2000 WL 362042, at *1 (D.D.C. Mar. 30, 2000). Although "the circumstances under which supplements may relate back have not been codified," courts often apply the relation-back principles of 15(c) to supplemental pleadings. *Hicks*, 283 F.3d at 385.

### B. The Plaintiff's Amendment Does Not Satisfy the Requirements of Rule 15

In this matter, the plaintiff has moved to amend or supplement its complaint pursuant to Rule 15(a) or (d) to add an additional claim for $25 million in punitive damages based on the defendants' alleged bad faith in honoring their respective obligations under the insurance contracts. Pl.'s Mot. to Am. at 1, Ex. 1 ¶¶ 57–62. The defendants urge the court to deny the plaintiff's motion, arguing that the plaintiff's amendment is barred by the three-year statute of limitations imposed

**4**

by District of Columbia law. Opp'n (Halifax) at 5–17 (citing D.C. Code ¶ 12–301(7)).

Because the addition of the punitive damages claim does not meet the relation-back and notice requirements of Rule 15(c) and (d), and therefore is barred by the three-year statute of limitations, the court denies the plaintiff's motion. The plaintiff's second amended complaint alleges seven counts against the defendants and other insurers for money due under insurance contracts, and requests relief of $4.5 million from the defendants. The plaintiff now proposes to add a new count alleging that during and after the time the suit was filed, the defendants wrongfully attempted to exact additional consideration; willfully, oppressively, or in bad faith refused to honor their contractual obligations; and acted in willful disregard of the rights of Beer and the plaintiff. Pl.'s Mot. to Am. Ex. 1 ¶¶ 57–62. On that basis, the plaintiff requests $25 million in punitive damages. *Id.* at 3.

Applying Rule 15(c), the court notes that although part of the new claim is based on facts and events that have occurred since the filing of the 1994 complaints,[2] the bad faith behavior alleged in the new claim arguably could build upon the "core operative facts" of the 1994 complaints. *Constr. Interior Sys., Inc. v. Donohoe Cos.,* 813 F.Supp. 29, 36 (D.D.C.1992). But even assuming that argument to be true, nothing in the earlier complaints gave notice to the defendants that they would be required to defend against a $25 million punitive damages claim of bad faith behavior. Compl.; Am. Compl.; 2d Am. Compl. The 1994 complaints did not refer explicitly or implicitly to the defendants' bad faith. *Id.; Caudle v. Thomason,* 942 F.Supp. 635, 640 (D.D.C.1996) (refusing to relate back a slander claim in part because slander was not referred to or implicit in the original complaint). Nor could the defendants, viewing the 1994 complaints from the standpoint of a reasonably prudent person,

have anticipated the plaintiff's claim for punitive damages based on the 1994 complaints.[3] 6A Fed. Prac. & Proc. Civ.2d § 1497. The court therefore denies the plaintiff leave to amend its second amended complaint under Rule 15(c).

On a similar basis, the court declines to permit the plaintiff to supplement its second amended complaint under Rule 15(d). The 1994 complaints did not place the defendants on notice that the alleged bad faith behavior was "of a continuing nature." Compl.; Am. Compl.; 2d Am. Compl.; *Miller,* 2000 WL 362042, at *2. Because the defendants did not have notice, the orderly and fair administration of justice weighs against supplementing the pleadings. *Gomez,* 477 F.2d at 417; *accord Montgomery Envtl. Coalition v. Fri,* 366 F.Supp. 261, 266 (D.D.C.1973) (permitting supplemental pleadings because they did not create surprise nor prejudice the defendants' rights as they were a continuation of the same violations alleged in the complaint).

In sum, because the 1994 complaints did not provide notice of the punitive damages claim, the proposed amendment or supplement does not satisfy the requirements of Rule 15(c) or (d). *Addison v. Woodward & Lothrop,* 1991 WL 111444, at *2 (D.D.C. June 14, 1991). The court therefore denies the plaintiff's motion to amend or supplement its second amended complaint.

## IV.  CONCLUSION

For the foregoing reasons, the court denies the plaintiff's motion to amend or supplement its complaint. In light of its conclusions, the court also denies the plaintiff's motion for a hearing on the matter. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this 10th day of March, 2003.

---

2. For example, the plaintiff stresses the post–1994 delays they believe the defendants undertook, alleging that the defendants "have caused unnecessary litigation for nearly 12 years in this Court, as well as in Canadian courts." Pl.'s Mot. to Am. at 2.

3. In fact, the extent of any bad faith on the part of the defendants presumably would not have been clear at the time of the 1994 complaints, since the plaintiff's new claim alleges that the defendants' "recalcitrance ... continued *even after this suit was filed."* Pl.'s Mot. to Am. Ex. 1 ¶ 60 (emphasis added).