**UNITED STATES of America,
Appellee,**

v.

**Jerome JACKSON, Appellant.**

**No. 03–3073.**

United States Court of Appeals,
District of Columbia Circuit.

Nov. 5, 2004.

Roy Wallace McLeese, III, John Robert Fisher, Assistant U.S. Attorneys, U.S. Attorney's Office, Washington, DC, for Plaintiff–Appellee.

Roscoe Conklin Howard, Jr., U.S. Attorney, U.S. Attorney's Office, Howard B. Katzoff, Law Office of Howard B. Katzoff, Washington, DC, for Defendant–Appellant.

Before GINSBURG, Chief Judge, SENTELLE, Circuit Judge and WILLIAMS, Sr. Circuit Judge.

### *JUDGMENT*

This cause was considered on the record from the United States District Court and on the briefs and arguments of the parties. The court has determined that the issues raised do not warrant a published opinion. *See* D.C.Cir. Rule 36(b). It is

ORDERED AND ADJUDGED that the district court's denial of Jerome Jackson's section 2255 habeas petition is affirmed for the reasons set forth in the accompanying Memorandum Opinion.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41(a)(1).

## MEMORANDUM

Again we do not reach the question whether *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), applies retroactively to cases on collateral review, *see United States v. Pettigrew,* 346 F.3d 1139, 1144 (D.C.Cir.2003); *United States v. Lafayette,* 337 F.3d 1043, 1047 (D.C.Cir.2003); and *United States v. Hicks,* 283 F.3d 380, 389 (D.C.Cir.2002), because even under the plain error standard, which Jackson urges this court to apply, the appellant fails to show he is entitled to relief. Jackson can obtain relief only if he demonstrates, among other things, that an error affected the fairness, integrity, or public reputation of judicial proceedings. *United States v. Cotton,* 535 U.S. 625, 631–32, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002).

Where the evidence at trial was uncontroverted and overwhelming, as here, a defendant cannot make that showing. *Id.* at 633. Jackson concedes he failed to contest either at trial or at sentencing the Government's evidence of the quantity of drugs involved, but he argues that he would have challenged such evidence at trial if *Apprendi* had been the law at that time. Regardless whether he had an incentive to contest quantity to the jury, however, he had every incentive to challenge that issue at sentencing, because the district court's determination that his drug offenses involved over 50 grams of cocaine base dramatically increased his punishment. *See Pettigrew,* 346 F.3d at 1147; *United States v. Webb,* 255 F.3d 890, 901–02 (D.C.Cir.2001). His first argument therefore rings hollow. Furthermore, the evidence against him was overwhelming, and to this day Jackson has not offered a "scenario under which the jury could have convicted him of the transactions, yet rationally found that they involved different quantities than those testified to by the government chemist." *United States v. Webb,* 255 F.3d 890, 901 (D.C.Cir.2001).

Jackson's second contention is that the United States Attorney neglected to file and to serve Jackson with an "information" listing all of Jackson's prior convictions, as required by 21 U.S.C. § 851(a)(1). Here Jackson concedes the "cause and prejudice" standard applies because he did not raise that issue on direct review. *See Bousley v. United States,* 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). Jackson attempts to show cause only by arguing he had ineffective assistance of counsel, but the district court refused him a certificate of appealability on that issue. Even if we were to reach the merits of his second argument, we would agree with the district court that the record conclusively demonstrates the United States Attorney did in fact properly file and serve the "information."