494

Elena STURDZA, Appellant

v.

UNITED ARAB EMIRATES and Vasilios Demetriou, Personal Representative of the Estate of Angelos C. Demetriou, Appellees.

No. 10–7054.

United States Court of Appeals,
District of Columbia Circuit.

Jan. 18, 2011.

Rehearing En Banc Denied
April 11, 2011.*

Elena Sturdza, Cabin John, MD, pro se.

G. Hamilton Loeb, Paul, Hastings, Janofsky & Walker LLP, Washington, DC, John A. King, Patrick James Attridge, King & Attridge, Rockville, MD, for Appellees.

BEFORE: GINSBURG, TATEL, and BROWN, Circuit Judges.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

■ **ORDERED AND ADJUDGED** that the district court's order filed March 29, 2010, be affirmed. The district court's May 27, 2009, and July 23, 2009, orders are not properly before the court, because the notice of appeal is untimely as to them. *See* Fed. R.App. P. 4(a)(1)(A). The district court did not abuse its discretion in denying appellant's motions for reconsideration under Fed.R.Civ.P. 60(b). *See Twelve*

* Circuit Judges Henderson and Garland did     not participate in this matter.

*John Does v. District of Columbia,* 841 F.2d 1133, 1138 (D.C.Cir.1988). This court affirmed the district court's appointment of a guardian ad litem in *Sturdza v. UAE,* No. 06–7061, 2009 WL 5125239 (D.C.Cir. Dec. 17, 2009) (per curiam). Appellant's motions for reconsideration raised no new arguments concerning the appointment, and the district court could not have granted a Rule 60(b) motion on grounds that this court had already rejected. Moreover, appellant's allegations do not satisfy any of the specific criteria for relief in Rule 60(b)(1)-(5), or present "extraordinary circumstances" that would entitle her to relief under Rule 60(b)(6). *Computer Professionals for Social Responsibility v. U.S. Secret Service,* 72 F.3d 897, 903 (D.C.Cir.1996). Appellant has shown no error in the district court's denial of her motion for leave to file a response to the question whether a guardian ad litem should be appointed, as she received an opportunity to speak at a hearing on the issue, and the proffered response appears to have consisted of material that was either irrelevant to the issue at hand or legally unsound.

██ Furthermore, the district court did not abuse its discretion in denying appellant's motion for leave to file a supplemental complaint, *see Cal. Valley Miwok Tribe v. United States,* 515 F.3d 1262, 1266 (D.C.Cir.2008), or her motion for reconsideration of the district court's denial of leave to file a supplemental complaint as of right. The court has construed appellant's "addendum" to her complaint as a supplemental complaint because it "sets forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." *United States v. Hicks,* 283 F.3d 380, 385 (D.C.Cir.2002) (internal quotation marks omitted); Fed.R.Civ.P. 15(d). Appellant was required to obtain leave of court before filing the supplement. *Id.* Because the guardian ad litem has been given the authority to "assist [appellant]'s counsel with prosecuting this case in Ms. Sturdza's best interests," *Sturdza v. UAE,* No. 98cv3051, 7/23/09 Order at 1–2, appellant cannot unilaterally decide to file a supplemental complaint.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.