**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-4097

_____

GEORGE WADIS,
                                        Appellant

v.

THE NORRISTOWN STATE HOSPITAL; THEODORE; ISAIAH

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-13-cv-05812)
District Judge:  Honorable Harvey Bartle, III

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 21, 2015
Before:  FUENTES, SHWARTZ and ROTH, Circuit Judges

(Opinion filed:  June 23, 2015)

_____

OPINION*

_____

PER CURIAM

     George Wadis, a state prisoner proceeding pro se, appeals from an order of the

District Court denying his motion for leave to file an amended complaint.  For the

following reasons, we will affirm.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In October 2013, Wadis filed suit under 42 U.S.C. § 1983 against the Norristown State Hospital ("Hospital") and two individuals identified only as "Theodore" and "Isaiah." He alleged that he had been beaten by those individuals on May 16, 2012, and he sought three million dollars in damages. The Hospital failed to enter an appearance and file an answer, and Wadis moved for a default judgment. On August 22, 2014, after a hearing on the motion, the District Court dismissed Wadis' complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief could be granted. The court concluded that the Hospital was not a "person" within the meaning of 42 U.S.C. § 1983 and that Wadis had not identified or served the other defendants. About two weeks later, Wadis filed a motion for leave to file an amended complaint, seeking to add new defendants and expand his claims. The District Court denied the motion, noting briefly that the statute of limitations had expired and that Wadis had shown no basis for the proposed amendment to "relate back" to the original complaint under Rule 15(c) of the Federal Rules of Civil Procedure. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. A post-judgment motion to amend a complaint is properly construed as either a motion pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure, depending upon when it was filed. See Burtch v. Milberg Factors, Inc., 662 F.3d 212, 230 (3d Cir. 2011). In this case, Wadis filed his motion to amend within twenty-eight days of the entry of the order

dismissing his complaint, so we will consider it a Rule 59(e) motion.[1] We review a Rule 59(e) motion and the underlying Rule 15 motion to amend the complaint for an abuse of discretion. See Jang v. Boston Scientific Scimed, Inc., 729 F.3d 357, 367 (3d Cir. 2013). When a timely Rule 59(e) motion has been filed, the Rule 15 and 59 inquiries involve the same factors, and leave to amend may be denied for "undue delay, bad faith, prejudice to the opposing party, or futility." Id. at 367-68.

In this case, the statute of limitations had expired by the time Wadis filed his motion to amend the complaint.[2] His proposed amendment would therefore be futile unless it could be deemed to "relate back" to his original complaint pursuant to Rule 15(c). Wadis named eighteen additional defendants in his amendment, all of whom he alleged were employees of the Hospital. He claimed that these defendants were part of

---

[1] The District Court dismissed Wadis' complaint without specifying that the dismissal was without prejudice. It therefore constituted an adjudication on the merits and a final judgment for Rule 59(e) purposes. See Burtch, 662 F.3d at 230 n.8.

[2] The statute of limitations for § 1983 claims arising in Pennsylvania is two years. See Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002). The incident and injury Wadis complained of occurred on May 16, 2012, whereas his motion to amend the complaint was signed on August 26, 2014, and filed on September 4, 2012, more than two years later. Wadis argues that the statute of limitations should be tolled until his release from prison, relying on Hardin v. Straub, 490 U.S. 536 (1989). That reliance is misplaced. Consonant with Hardin, we recognize that a state's statute of limitations for personal injury tort claims – and its tolling principles – generally govern § 1983 claims. See Pearson v. Sec'y Dep't of Corr., 775 F.3d 598, 602 (3d Cir. 2015). Unlike the Michigan statute at issue in Hardin, however, Pennsylvania does not have a provision that tolls the limitations period during an inmate's incarceration. Similarly, Wadis cites no provision that would permit tolling "until the end of the period of injury." Appellant's Br. at 13.

an ongoing conspiracy to victimize him by tampering with his food, forcing drugs on him, and stealing his mail. He also alleged that he was subject to "serious life threatening abuses" within the Philadelphia prison system. Relevant here, an amendment "relates back to the date of the original pleading" when it "asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Wadis' allegations of new abuses do not appear to arise out of the 2012 beating at the Hospital, and at least one of them does not even concern the Hospital. "[A]mendments 'that significantly alter the nature of a proceeding by injecting new and unanticipated claims'" are treated with great caution for relation back purposes. Glover v. FDIC, 698 F.3d 139, 146 (3d Cir. 2012) (quoting United States v. Hicks, 283 F.3d 380, 388 (D.C. Cir. 2002)). Here, Wadis' amendment sets forth new claims that do not "relate back" to his original complaint.

Even if the reference to employees being influenced to "possibly attack" Wadis could be read to implicate the new defendants in the 2012 beating, there is no evidence that those defendants received notice of the lawsuit, or had reason to believe that Wadis intended to sue them, as required by Rule 15(c)(1)(C). Although notice under Rule 15(c) may be a complex inquiry in certain circumstances, we note that this is not a case where the plaintiff made a "mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). Wadis did not seek to substitute a named defendant for a John Doe defendant in the original complaint. See Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 200-01 (3d Cir. 2001) (noting that Rule 15(c)(1)(C)(ii) may be satisfied in such

circumstances). Instead, he explicitly stated that he could not discover the last names of "Theodore" and "Isaiah" – the Hospital employees alleged to have beaten him – so he sought to add numerous other individuals who he claimed worked in the building where he was attacked. This does not amount to a mistake concerning the proper parties such that relation back should be permitted.[3]

Under these circumstances, it was not an abuse of discretion for the District Court to deny Wadis' motion, and we will affirm its judgment. In light of this disposition, we deny the motion Wadis filed in this Court seeking leave to file an amended complaint.

---

[3] Wadis' amended complaint perhaps could be construed as trying to cure the "legal mistake" of suing the Hospital as an entity. See Urrutia v. Harrisburg Cnty Police Dep't, 91 F.3d 451, 457-58 (3d Cir. 1996). However, Wadis named executives, supervisory staff, and employees without making any particular allegations of personal involvement by them in the 2012 beating. This fails to state a claim under § 1983, see Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (noting that a defendant in a § 1983 action "must have personal involvement in the alleged wrongs"), and thus renders the amendment futile.